J¿FOIL, J.
This appeal challenges the dismissal of a suit against various defendants on the basis that plaintiffs failed to request service on the defendants within ninety days after filing suit against them as required by La. R.S. 13:5107. , We find the trial judge erred in dismissing one of the defendants from this lawsuit, pursuant to that provision and in dismissing the suit with prejudice as to the remaining defendants. In all other respects, we affirm.
BACKGROUND
On September 12, 1996, a multi-vehicu-lar accident occurred on Interstate 10 in West Baton Rouge Parish. The collision spurned several lawsuits, including this action filed by, Dorothy Simmons and Michelle Boutte.[1] Plaintiffs filed their original petition on February 7, 1997, against: Brian Braquet, the driver of a tractor-trailer involved in the collision who allegedly rear-ended the vehicle driven by plaintiffs; Conques Trucking Company, Inc., the owner of that vehicle; and Clare-don National Insurance Company, Con-ques and/or Braquet’s liability insurer.[2]
In a supplemental and amending petition filed on September 12, 1997, plaintiffs named as additional defendants: (1) the Pointe Coupee Parish Sheriffs Department; (2) Pointe Coupee Parish Sheriff Paul Raymond Smith; (3) National Casualty Insurance Company, the liability insurer of the Sheriffs Department; (4) Earl G. Stuart, Jr.; a deputy employed by the Pointe Coupee Parish Sheriffs Office; (5) the State of Louisiana through the Department of Transportation and Development; (6) Beverly Craddock and (7) Barber Brothers Construction, Inc. In the supple *768 mental petition, plaintiffs alleged that Earl Stuart was driving a Pointe Coupee Parish Sheriffs Department patrol ear on 1-10 in West Baton Rouge Parish when he was flagged down by a woman whose car'had stalled on the interstate. At the time, construction work was being |sdone on I-10, leaving only one lane'open for " traffic separated by orange barrels. Plaintiffs alleged that Earl Stuart brought his vehicle to a sudden stop on the interstate between the orange barrels separating traffic and blocked the only lane open for traffic. According to plaintiffs, the vehicle ahead of them and directly behind the patrol car slowed as a result. However, they claimed, Brian Braquet, who was driving the tractor trailer, failed to slow down and collided with the rear of their vehicle, which propelled their vehicle into the vehicle ahead of them.
Plaintiffs alleged that Earl Stuart was in the course and scope of his, employment with the Sheriffs Department at the time of the accident. They averred he was negligent in blocking the traffic lane, stopping on 1-10 and improperly parking his vehicle on the side of 1-10. They further asserted that Earl Stuart’s fault was imputable to his employer under the doctrine of respondeat superior and Louisiana Civil Code art. 2320.
The Sheriffs Department, Sheriff, Earl Stuart and National Casualty Insurance Company moved for a judgment of dismissal on the basis that service was not requested on "them until January 2, 1998, more than 90 days after the suit was filed against them. They also filed a declinato-ry exception urging insufficiency of service of process. DOTD filed a motion to dismiss on the same basis.
It is undisputed that plaintiffs did not request service on these defendants until January 2, 1998, more than 90 days after filing the supplemental petition in which they were added to the suit. The trial judge granted the motions to dismiss and the exception of insufficiency of service of process filed by all of the defendants. The judgment reflects that the dismissals were “with prejudice.”
Plaintiffs appealed those rulings. The parties stipulated that the judgments of dismissal rendered in favor of defendants were final judgments subject to immediate appeal under La.Code Civ. P. art. 1915B.
! ..APPLICABILITY OF LA. R.S. 13:5107
Plaintiffs contend La. R.S. 13:5107 has no applicability to- their claims against any of the defendants, and alternatively assert that even if it does apply to some defendants, it is inapplicable to defendants National Casualty Insurance Company and Earl Stuart. > Additionally, they assert the trial judge erred in dismissing their claims against the defendants with prejudice.
To address the first argument advanced by plaintiffs, we look to the history of La. R.S. 13:5107. La. R.S. 13:5107 is one of the provisions of the Louisiana Governmental Claims Act, La. R.S. 13:5101-5112, which sets forth a number of limitations that apply in suits against the state, a state agency, political subdivision and state officers and employees. Paragraph D of La. R.S. 13:5107, originally enacted by 1996 La. Acts No. 63, § 1 (Act 63), set forth a 90-day service requirement in suits against public defendants. Act 63 stated:
■ In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a. party, service of citation shall be requested within ninety days of the filing of the initial pleading, which names a state, a state agency, or political subdivision or any officer or employee thereof as a party. If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory hearing, as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served....
Act 63 became effective on May 9, 1996. By 1997 La. Acts No. 518, § 1 (Act 518), *769 the legislature amended and reenacted Paragraph D of La. R.S. 13:5107. That provision states, in pertinent part:
(1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
(2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.
Is Act 518 expressly states that it is applicable only to suits filed on or after its effective date, which was January 1, 1998. 1997 La. Acts No. 518, §§ 5-6.
As noted earlier, Act 63 went into effect on May 9, 1996. The accident in question occurred on September 12, 1996, the original lawsuit was filed on February 1, 1997, and the amending petition adding defendants was filed on September 12, 1997. All of these actions took place while Act 63 was in effect. However, plaintiffs’ request for service and the motions to dismiss under La. R.S. 13:5107 were filed after Act 518 went into effect.
Plaintiffs argue that the date on which they requested' service and the date on which the motions to dismiss were filed by defendants are the dates that govern the applicability of La. R.S. 13:5107. As of that time, they urge, Act 63 was no longer in existence because it had been amended and re-enacted by Act 518. Act 518 did not apply, they insist, because by its very terms it did not apply to pending actions. Therefore, they contend, at the time the service request was made and the motions to dismiss were filed, there was no law in existence setting forth a 90-day service limitation, and the trial judge erred in applying that limitation to this case.
We disagree. Under identical facts, another panel of this court rejected the exact argument advanced by plaintiffs, and held that the crucial date for determining the applicability of La. R.S. 13:5107 D was the date on which the lawsuit was filed, not the date on which the motion to. dismiss based on the 90-day time limitation was filed. In Naquin v. Titan Indemnity Company, 99-0400, p. - (La.App. 1 Cir. 5/12/2000), — So.2d -, -, the suit was filed while Act 63 was in effect; however, the plaintiffs request for service and the motions to dismiss based on the 90-day limitation were filed after Act 518 went into effect. This court held that the subsequent amendment and reenactment of La. R.S. 13:5107 D by Act 518 had no bearing on the suit because Act 518 applied only to cases filed on or after its effective date, and found instead that Act 63 applied. Id. at p.-, — So.2d at-. •
In accordance with the Naquin decision, we conclude the trial judge properly applied Act 63 to this lawsuit, and correctly granted the motion to |fidismiss plaintiffs’ petition against DOTD, the Pointe Coupee Parish Sheriffs Department, and Sheriff Raymond.[3] We note, however, that La. R.S. 13:5107 provides that the dismissal shall be without prejudice, and we amend the trial court’s judgment accordingly. See Savoie v. State of Louisiana, Department of Transportation and Development, 99-0960 (La.App. 1 Cir. 5/12/2000).
Next, plaintiffs contend that the trial judge erred in dismissing defendant *770 National Casualty Insurance Company from the suit pursuant to La. R.S. 13:5107, urging that the provision does not apply to liability insurers of public entities. Again, in Naquin, that argument was rejected. In Naquin, this' court held that the 90-day period in which to request service on a public defendant' was also applicable to requests for service as to the public defendant’s insurer. Id. at p.-, — So.2d at -. Therefore, we find the trial judge properly entered judgment dismissing plaintiffs’ claims against the insurer. ‘
Lastly, we address the dismissal of Earl Stuart, Jr. from the suit pursuant to La. R.S. 13:5107. Plaintiffs posit that even if defendant Stuart is a public employee, he is being sued in his personal capacity rather than his “official” capacity, pointing out that the suit against him arises out of an accident occurring in a different parish from that in which he is employed.
La. R.S. 13:5101 B sets forth that the provisions of the LGCA apply to suits against “an officer or employee of the state or a state agency arising out of the discharge of his official duties or within the course and scope of his employment.” Simply because Earl Stuart is a deputy employed by a public defendant does not automatically entitle him to the protections of the LGCA. For Earl Stuart to be entitled to. assert the 90-day service requirement of La. R.S. 13:5107, he must have been discharging his official duties or acting in the course and scope of his employment at the time of the accident.
Plaintiffs did allege that Earl Stuart was acting in the course and scope of his employment as a deputy employed by the Pointe Coupee Parish Sheriffs Ivoffice, obviously to support their cause of action against the Sheriffs Department and the Sheriff, which was based solely on vicarious liability. However, it was not established as a fact that Earl Stuart was acting in the course and scope of his employment with the Pointe Coupee Sheriffs Department at the time he was driving in West Baton Rouge Parish on the interstate. We believe plaintiffs should be allowed to amend their petition to state a cause of action against Earl Stuart individually which falls outside the scope of the LGCA if they can. Therefore, we remand this case to 'the trial court for that purpose and order the trial court to conduct a hearing on the issue if necessary.
CONCLUSION
Based on the -foregoing, we affirm the judgment dismissing defendants DOTD, the Pointe Coupee Parish Sheriffs Office, Sheriff Raymond Smith and National Casualty Insurance Company from this lawsuit. We amend that judgment to reflect that the dismissal is to be without prejudice. We further reverse that portion of the judgment dismissing the suit against Earl Stuart, Jr. and remand this matter to the trial court to conduct proceedings not inconsistent with this opinion. Costs of this appeal are assessed to plaintiffs.
AMENDED, AND AS AMENDED, AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

. A second lawsuit filed by Abdel and Sahar Ibrahim was consolidated with the instant lawsuit. Those parties did not appeal the dismissal of the public defendants from the litigation, and the conclusions reached in this opinion have no bearing on that lawsuit.

. The record reflects that plaintiffs' claims against these defendants were dismissed from the lawsuit following a settlement with plaintiffs.

. Plaintiffs' argument that Act 63 was not intended to apply to actions in which public defendants were added by supplemental petition is plainly lacking in merit, and will not be addressed in this opinion.