KIMBALL, Chief Justice.*
_j_¡This case involves the legal issue of what constitutes a valid and timely request for service pursuant to La. R.S. 13:5107(D)(1). Specifically, we are called to determine whether a request for service is deemed made when a letter containing service instractions is mailed or when it is *833 received by the clerk’s office. Because we find the general meaning of “request” contemplates a two-party transaction involving one who asks that something be done and one who does what is asked, we hold that | ¿for purposes of La. R.S. 13:5107(D)(1), service of citation should be deemed “requested” when the clerk receives service instructions from the plaintiff.
Facts and Procedural History
On August 3, 2006, plaintiffs, Mr. and Mrs. Tranchant, filed a petition for damages arising out of alleged malpractice against five named defendants, the State of Louisiana, the Louisiana State University Health Sciences Center d/b/a Medical Center of Louisiana at New Orleans — University Campus, Thomas B. Ferguson, M.D., Watts Webb, M.D., and Christy Zol-foghary, M.D. The petition requested that service on all defendants be held “at this time.” On November 8, 2006, the clerk for the district court stamped “filed” on a letter from plaintiffs’ counsel dated November 2, 2006, that requested service on the five named defendants. The letter indicated payment for the request of service was enclosed.
On January 29, 2007, defendants filed a declinatory exception of insufficiency of service of process. Defendants alleged therein that plaintiffs failed to timely request service within ninety days as required by law, and asked that the proceedings against them be dismissed.[1] Specifically, defendants argued that the request could not be considered made until it was received by the Clerk on November 8, 2006, which was more than ninety days from the commencement of the action. In opposition to the exception, plaintiffs argued their request for service was timely as it was made on the ninetieth day, November 2, 2006, which was the date the letter was dated and mailed.
Subsequent to a hearing on defendants’ exception at which no evidence was introduced, the district court found that service of process was requested more than | ¿ninety days from the commencement of the action and dismissed plaintiffs’ suit without prejudice. This determination resulted from the district court’s conclusion that the service request was only effective on the date it was actually received by the Clerk’s office. The district court specifically found, based only on the argument of counsel, that there was no bad faith or intent to deceive on the part of plaintiffs.
Plaintiffs then filed a motion for new trial, arguing that service was validly and timely requested on November 2, 2006, the date the letter was mailed. After again hearing argument of counsel, the district court denied plaintiffs’ motion for new trial. The court found that simply placing a request in the mail ninety days after suit was filed does not constitute a timely request for service required by law. Instead, the court found that if the request for service is submitted by mail, it must actually be received by the Clerk within ninety days. The court reasoned that these requirements are necessary to prevent possible fraud by placing an earlier date on a letter and mailing it after the ninetieth day.
Following the district court’s denial of their motion for new trial, plaintiffs appealed the district court’s judgment. In a fractured decision, a five-judge panel of the court of appeal reversed the judgment of the district court. Tranchant v. State of *834 Louisiana, 07-1273 (La.App. 4 Cir. 3/13/08), 978 So.2d 1174. A majority of the court found that the dating and mailing of a letter on the ninetieth day constitutes a timely request for service. The majority determined that there is no requirement that a mailed letter be actually received by the Clerk on the ninetieth day. One judge, however, noted that although the district court found plaintiffs’ counsel mailed the letter on the ninetieth day, there is absolutely nothing in the record to support that finding. Another judge wrote that the law can be reasonably interpreted to mean that a timely request for service must be transmitted and received by the Clerk on the 14ninetieth day, but that the majority’s conclusion was also reasonable. Finally, a dissenting judge concluded that the authority appointed to effectuate service must receive notice within the ninety-day time period to be in compliance with the law. He determined that such a rule of receipt of actual notice is necessary to prevent potential abuse or fraudulent practice. The court of appeal denied rehearing. Tranchant v. State, 07-1273 (La.App. 4 Cir. 4/16/08) (unpub’d).
On defendant’s application, we granted certiorari to consider whether the court of appeal was correct in reversing the district court’s judgment dismissing plaintiffs’ suit without prejudice. Tranchant v. State of Louisiana, 08-0978 (La.9/19/08), 992 So.2d 966.
Discussion
With few exceptions, citation and service are essential in all civil actions. La. C.C.P. art. 1201(A). Proper citation is the cornerstone of these actions. Naquin v. Titan Indemnity Co., 00-1585, p. 8 (La.2/21/01), 779 So.2d 704, 710. Pursuant to La. R.S. 13:5107(D)(1), “[i]n all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action ....”[2] If service is not requested within the time period provided, the action “shall be dismissed without prejudice” after a contradictory motion as provided in La. C.C.P. art. 1672(C).[3] La. R.S. 13:5107(D)(2). Article 1672(C) provides that such dismissal |5shall be rendered “unless good cause is shown why service could not be requested.” See also Johnson v. University Med. Ctr. in Lafayette, 07-1683, p. 2 (La.11/21/07), 968 So.2d 724, 725.
The instant action was commenced on August 3, 2006. Article 5059 of the Code of Civil Procedure instructs that in computing a period of time set forth by law, “the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.” The ninetieth day was therefore November 1, 2006. November 1, however, is a legal holiday. La. R.S. 1:55(A)(1). In this instance, then, the last day is consid *835 ered to be November 2, 2006. Pursuant to La. R.S. 13:5107(D), plaintiffs were required to request service of citation on the state defendants on or before November 2, 2006, or their action was subject to dismissal.
Although La. R.S. 13:5107(D)(1) clearly requires that service of citation be requested within ninety days of the commencement of the action, it does not specify the manner of making such request or when request is deemed to be made. In the absence of such specificity, plaintiffs in the instant matter contend service was requested on November 2, 2006, the date the letter requesting service was written and mailed.[4] Defendant, on the other hand, argues that the date the clerk’s office received the letter, November 8, 2006, controls the timeliness of the request.
To determine whether plaintiffs timely requested service, we must ascertain what constitutes a “request” for service pursuant to La. R.S. 13:5107(D). Prior to the 1 ^enactment of La. R.S. 13:5107(D) in 1996, there existed no requirement that service of citation on a governmental defendant be requested within any specified time. Langlois v. East Baton Rouge Parish Sch. Bd., 99-2007, p. 3 (La.5/16/00), 761 So.2d 504, 506 (per curiam). Instead, before the 1996 enactment of the statute, abandonment was the device the legislature developed “‘to put an end to the then prevailing practice of filing suit to interrupt prescription, and then letting the suit hang perpetually over the head of the defendant unless he himself should force the issue.’ ” Clark v. State Farm Mut. Auto. Ins. Co., 00-3010, p. 9 (La.5/15/01), 785 So.2d 779, 786 (quoting Sanders v. Luke, 92 So.2d 156 (La.App. 1st Cir.1957)). Subsection 5107(D) (along with La. C.C.P. art. 1201(C)) was enacted to deal more directly and effectively with the litigation inactivity caused by filing suit to interrupt the running of prescription, but withholding service. Clark at p. 10, 785 So.2d at 787.
In Clark, this court stated that because dismissal of plaintiffs action is the harshest of remedies, any reasonable doubt as to the application of abandonment should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment. Clark at p. 10, 785 So.2d at 787. However, we went on to explain that abandonment is not punitive. Id. Rather, it balances the competing policy interests of giving every litigant his day in court without losing his case through some technicality with the legislative purpose that filed suits should not linger indefinitely. Clark at pp. 10-11, 785 So.2d at 787 (quoting Sanders v. Luke, 92 So.2d 156, 159 (La.1957)).
Likewise, the requirement of La. R.S. 13:5107(D) that service on state defendants shall be requested within ninety days of the commencement of the action or be subject to dismissal is not a punitive concept. Rather, like abandonment, the ninety-day request of service rule balances the policies of seeing that every litigant |7has his day in court with the policy that lawsuits, once filed, should be prosecuted without unreasonable delay. In fact, it appears that by adopting the ninety-day request of service rule, the legislature indicated its intent to shift the balance in favor of moving cases, once filed, more quickly through the judicial system.[5]
*836 To resolve the legal question presented by this case, we must determine what is required to constitute a request for service. Generally, a request is made when one asks someone for something. Here, plaintiff asks that the clerk serve the persons named as defendants in a lawsuit. The clerk cannot act to effect service until he is aware of what is being asked of him. In our view, the ordinary meaning of the word “request,” without more, contemplates a two-party transaction involving one who asks that something be done and one who does what is asked. Thus, for purposes of La. R.S. 13:5107(D)(1), service of citation should be deemed “requested” when the clerk receives service instructions from the plaintiff.
Service upon the defendant pursuant to La. R.S. 13:5107(D)(1) requires an accurate request of service upon the proper agent. Johnson v. University Med. Ctr. in Lafayette, 07-1683, p. 2 (La.11/21/07), 968 So.2d 724, 725 (per curiam). For service to be requested and effectuated, the clerk must be provided with the correct name and address of those persons to be served. In our view, the plain language of La. R.S. 13:5107(D)(1), without more, requires that the clerk receive this information before it can be considered “requested.” We note that although the information must be received in the clerk’s office by whatever means counsel chooses on or before the ninetieth day, it need not necessarily be filed. Wilborn v. Vermillion Parish Police Jury, 04-1074 (La.7/2/04), 877 So.2d 985 (per curiam) (“Nothing in that statute [La. R.S. 13:5107(D) requires that the request be filed with the court.”).
IsWe recognize plaintiffs’ position that all that is needed to “request” service is to deposit a letter in the mailbox asking the clerk to effectuate service. Had the legislature chosen to make the request complete upon mailing, it could have easily done so. Cf. La. C.C.P. art. 1313(A)(1) (“Except as otherwise provided by law, every pleading subsequent to the original petition ... may be served either by the sheriff or by: (1) Mailing a copy thereof to the counsel of record, ... this service being complete upon mailing.”) and La. R.S. 38:301(C)(b)(ii) (“The Terrebonne Levee and Conservation District shall provide the notice required ... by certified mail.... This notice shall be complete upon mailing.”). To accept plaintiffs position would introduce more uncertainty into this area of the law. The potential for fraud by backdating a letter would be increased, although there was no evidence of such action presented in this case. Additionally, if a letter is mailed on the ninetieth day, but not received by the clerk for weeks or months due to oversight or catastrophe involving the post office, the legislative purpose of moving filed cases more rapidly through the judicial system would not be served. Finally, if plaintiffs position is accepted, how long must defendant wait to determine whether the clerk will receive a letter before he files his declinatory exception? For all these reasons, and considering the general meaning of a “request,” we find that for purposes of La. R.S. 13:5107(D)(1), service of citation should be deemed “requested” when the clerk receives service instructions from the plaintiff.
The court of appeal plurality concluded that “[o]nce the trial court found that the request for service had been timely mailed, it was an error of law for the court to conclude that [plaintiffs’] request [for service] was untimely... ,”[6] Tranchant, 07- *837 |1273,9 p. 7 (La.App. 4 Cir. 3/13/08), 978 So.2d 1174, 1179. In reaching this decision, the court of appeal plurality criticized Rollins v. City of Zachary, 00-0160 (La. App. 1 Cir. 2/16/01), 808 So.2d 439, for relying on the principles governing the filing of documents with the court, codified in La. C.C.P. art. 253, to determine whether a request for service has been timely made. In Rollins, the plaintiff wrote a letter requesting service and mailed it via ordinary mail within the ninety-day period specified in La. R.S. 13:5107(D)(1). The clerk’s office never received the letter. In affirming the dismissal of plaintiffs suit without prejudice, the court of appeal stated that the word “request” contemplates more than depositing in the mail a letter directed to the clerk. The court found that a valid and effective “request” requires the receipt of the request by the clerk’s office. The court noted that Article 253 provides that all documents to be filed in an action “shall be delivered” to the clerk for such purpose. The court noted plaintiffs counsel could have sent the request by certified mail, return receipt requested, hand-delivered the request, or telephoned the clerk before the expiration of the ninety-day time period to verify that the clerk’s office received the service request. While Rollins has been cited for several different positions, it appears the court of appeal simply concluded that a valid and effective request of service pursuant to La. R.S. 13:5107(D)(1) requires the receipt of the request by the clerk’s office. Because the clerk in that case never received the letter at all, the court of appeal was not required to determine whether the receipt had to be within the ninety-day period.
In the instant case, service was requested pursuant to La. R.S. 13:5107(D) when the clerk received plaintiffs’ service instructions. The clerk’s stamp indicates the letter was received on November 8, 2006, more than ninety days after the | ^commencement of the action. Consequently, La. R.S. 13:5107(D)(2) provides that the action shall be dismissed without prejudice after contradictory motion as provided in C.C.P. art. 1672(C). ■ This Article mandates that where service is not made within ninety days, the action must be dismissed without prejudice “unless good cause is shown why service could not be requested.” Plaintiffs contend that dismissal should not be ordered in this case because it is overly harsh and because plaintiffs’ counsel was in good faith in believing that depositing a letter asking the clerk to serve the named defendants was sufficient to meet the ninety-day requirement in La. R.S. 13:5107(D)(1). Additionally, plaintiffs assert they demonstrated good cause by withholding service for ninety days to ascertain whether the named doctors were in fact employed by the Medical Center and treated plaintiff.
Article 1672(C) does not define “good cause.” However, Louisiana courts have strictly construed the good cause requirement of La. C.C.P. art. 1672(C). Barnett v. Louisiana State Univ. Med. Ctr.—Shreveport, 02-2576 (La.2/7/03), 841 So.2d 725. Consequently, plaintiffs are strictly held to the obligation of serving the correct agent for service of process, Id., as well as to the obligation of serving the named state defendants within the time period specified by La. R.S. 13:5107(D)(1). Here, plaintiffs have advanced no compel *838 ling reason why they failed to timely request service pursuant to La. R.S. 13:5107(D)(1). Plaintiffs’ counsel could have delivered the letter by hand to the clerk’s office, faxed the letter to the clerk’s office, or even telephoned the clerk’s office on the ninetieth day. We do not believe plaintiff has shown good cause why service was not timely requested.[7]
A valid request for service under La. R.S. 13:5107(D)(1) is made when the In clerk receives the request for service and can then act on it. Because plaintiffs did not request service upon the named state defendants within ninety days from the commencement of the action pursuant to La. R.S. 13:5107(D)(1), it is mandatory' that the action be dismissed without prejudice. The court of appeal’s judgment to the contrary is incorrect.
Decree
For the foregoing reasons, the judgment of the court of appeal is reversed. The judgment of the district court dismissing plaintiffs’ suit without prejudice is reinstated.
REVERSED. SUIT DISMISSED WITHOUT PREJUDICE.
CALOGERO, C.J., retired, dissents and assigns reasons.
JOHNSON, J., dissents.

 Calogero, C.J., retired, participated in this decision which was argued prior to his retirement.

. The exception also alleged that the untimely service requested by plaintiffs upon the hospital and the individual doctors was requested through an attorney who was not their agent for service of process. Because the trial court determined that the request was untimely and dismissed plaintiffs' suit without prejudice on that ground, it did not reach this issue.

. The general rule is specified in La. C.C.P. art. 1201(C), which provides in part:
C. Service of the citation shall be requested on all named defendants within ninety days of commencement of the action.

. La. C.C.P. art. 1672(C) provides:
C. A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.

. Plaintiffs contend their letter was deposited in the mail on November 2, 2006, the date shown on the face of the letter. The record contains no proof the letter was mailed on this date. However, for purposes of this opinion, we will assume the letter was, in fact, mailed on November 2, 2006.

. In 1998, just two years after the enactment of La. R.S. 13:5107(D), the legislature re *836 duced the abandonment period found in La. C.C.P. art 561 from five to three years.

. We note that the district court took no evidence upon which this finding could be *837 based. To determine whether a request for service was timely made pursuant to La. R.S. 13:5107(D)(1), parties must present evidence. The presentation of evidence is necessary for the district court to determine whether the request was timely and for the appellate courts to review its judgment. Proof will be required to show when a request for service was made by introducing evidence of when the clerk received the service instructions.

. It is unnecessary today to reach the issue of whether good cause would be shown if counsel deposits a letter containing service instructions in the mail early enough to reasonably expect it to be received by the clerk on or before the ninetieth day.