PETTIGREW, J.
|2In the instant appeal, plaintiffs challenge the trial court’s judgment granting defendant’s exception raising the objection of insufficiency of service of process and dismissing plaintiffs’ suit against defendant at plaintiffs’ cost. For the reasons that follow, we amend and, as amended, affirm.
*131 FACTS AND PROCEDURAL HISTORY
On January 19, 2010, plaintiffs, Brenda Morales and Jerson Rodriguez, filed a malpractice suit against the State of Louisiana through the Board of Supervisors of LSU through Earl K. Long Medical Center (“LSU”), alleging that Ms. Morales presented to the Medical Center while pregnant and complaining of labor pains and that the Medical Center discharged her without conducting any tests.[1] When she returned four days later with abdominal pain, an examination revealed the lack of fetal heart tones for plaintiffs’ unborn child. Plaintiffs allege that LSU failed to use reasonable care and diligence and breached the applicable standard of care in the medical care that they provided or failed to provide to Ms. Morales. Plaintiffs further assert that LSU’s negligence caused them to suffer injuries, damages, and pain and suffering.
When the petition was originally filed, service was held. Subsequently, on April 19, 2010, plaintiffs fax filed a request that service be effected on LSU, through its Chairman, R. Blake Chatelain, and through the Attorney General of Louisiana, James D. “Buddy” Caldwell. However, according to the record, it was not until April 26, 2010, that the original was received in the clerk’s office along with payment of service fees.
On May 20, 2010, LSU filed an exception raising the objection of insufficiency of service of process and a motion to dismiss under La.Code Civ. P. art. 1672. Noting that the petition for damages was filed on January 19, 2010, the motion ^states, in pertinent part, as follows:
On April 19, 2010, the Clerk of Court ... received a faxed letter requesting service on only two of the three statutory required entities. Specifically, the letter only requested service on [LSU] and the Attorney General’s Office. Plaintiffs have never requested service on the Office of Risk Management. The Clerk’s office received payment [for the requested service] on April 26, 2010. This request for service is insufficient.
The State further cited La. R.S. 13:5107 as authority.
On August 9, 2010, the trial court held a hearing on the exception. The trial court ruled in open court that the exception was sustained and ordered that the matter be dismissed. A written judgment was signed in accordance with that ruling on August 24, 2010.[2] It provides, “IT IS ORDERED that the Exception of Insufficiency of Service of Process and Motion to Dismiss be granted dismissing the suit against [the] defendant at plaintiffs’ cost.” This judgment bears a stamp of the 19th JDC, certifying that “a notice of the above judgment was mailed” by the deputy clerk of court to counsel of record on August 27, 2010. Thereafter, the trial court signed an August 81, 2010 judgment that ordered the identical relief to defendant as the August 24, 2010 judgment; this latter signed judgment does not reflect a certificate by the deputy clerk indicating that notice of this judgment was provided.[3]
*132 On September 13, 2010, plaintiffs filed a motion for new trial, wherein they asserted that the motion was timely filed, because “it was filed within seven days ... from the day after the clerk mailed the notice of judgment, or from September 1, 2010 (Please see attached Notice of Judgment, envelope in which notice of judgment was enclosed showing a postmark of September 1, 2010 and postcard postmarked September 1, 2010 attached hereto as Exhibit ‘A in globo’).”
On September 14, 2010, plaintiffs filed a motion for appeal. This motion recognized that the motion for new trial was still pending, but it also stated that “[o]ut of |4an abundance of caution ..., plaintiffs now file the present Motion for Appeal.” The trial court signed an order granting an appeal on September 24, 2010; this order granted a devolutive appeal from “the judgment rendered in open court on August 9, 2010, written judgment signed on August 24, 2010.... ” Subsequently, the trial court signed an October 12, 2010 order, wherein the trial court explained why it had not ruled on plaintiffs’ motion for new trial. In this order, the trial court stated that plaintiffs’ motion for new trial “was not received from the clerk of court until the [trial] court had already granted the motion for appeal.” The trial court noted further that it believed “that the signing [of] the appeal motion divested it of jurisdiction. Therefore, the court will not make a ruling on the motion for new trial.”[4]
On appeal, plaintiffs assign the following sole assignment of error for our review:
1. The Trial Court erred when it granted [LSU’s] Exception of Insufficiency of Service of Process and Motion to Dismiss [u]nder Article 1672 and dismissed plaintiffs’ claims even though plaintiffs timely and properly requested service upon LSU pursuant to [La. R.S.] 13:5107 and even though [La. R.S.] 39:1538 does not require that plaintiffs make service (or request that service be made) within a certain time period or provide for dismissal.
DISCUSSION
On appeal, plaintiffs cite the case of Whitley v. State ex rel. Bd. of Sup’rs of Louisiana State University Agr. Mechanical College, 2011-0040, pp. 6-13 (La.7/1/11), 66 So.3d 470, 474-479, for the proposition that multiple requests for service by a plaintiff within the 90-day period set forth by La. R.S. 13:5107 are not mandatory. Thus, plaintiffs argue, timely request for service on any one of the listed entities/persons is sufficient. Plaintiffs assert, however, that they properly requested service on both LSU and the Attorney General’s Office. They maintain that based on the date the petition was filed, their request for service on April 19, 2010 was timely, and the receipt of the original signed document and service fees by the clerk’s office on April 26, 2010, was within five Ldays in compliance with La. R.S. 13:850.[5] Plaintiffs further argue that al *133 though La. R.S. 39:1538(4) requires them to serve multiple entities/persons, that statutory provision does not require that the service (or request for service) be made within a certain time period or provide for dismissal. Thus, plaintiffs point out that an objection of insufficiency of service based on La. R.S. 39:1538(4) can be cured by subsequent service on those entities/persons not previously served.[6]
To the contrary, defendant asserts that the law clearly dictates that a proper request for service must be filed within 90 days of commencement of the action, in default of which the action shall be dismissed without prejudice unless good cause is shown why service could not be requested. Defendant maintains that because the clerk’s office did not receive payment of service fees until 95 days after the original petition was received in the clerk’s office (97 days after the fax filing of the petition), it was mandatory that the action be dismissed.
|fiIn Whitley, the plaintiff was a patient at the Louisiana State University Health Sciences Center — Medical Center of Louisiana at New Orleans — University Campus (Medical Center), who received treatment at the Medical Center following an accident that occurred in May 2003. On July 7, 2003, Ms. Whitley delivered a stillborn infant. Thereafter, she filed a petition for medical malpractice against the Medical Center, seeking damages arising from negligence in the medical care provided to her and her unborn child after the accident. At the time of filing, Ms. Whitley requested service only on the Chairman of the Louisiana State University Board of Supervisors. More than two years later, Ms. Whitley’s counsel faxed copies of the citation and the pleadings to the Attorney General and the Office of Risk Management. The Medical Center then filed a declinatory exception pleading the objection of insufficiency of service of process, seeking the dismissal of Ms. Whitley’s suit based on her alleged failure to comply with the service requirements of La. R.S. 13:5107 and La. R.S. 39:1538. The exception was overruled by the trial court, and the appellate court denied the Medical Center’s application for a supervisory review of the trial court’s ruling. The supreme court subsequently granted the *134 Medical Center’s application for a supervisory writ in order to determine whether the request for service on the Medical Center alone was sufficient under La. R.S. 13:5107 and La. R.S. 39:1538, or whether service on the Attorney General and the Office of Risk Management was also required. Whitley, 2011-0040 at 1-4, 66 So.3d at 470-473.
At the time Ms. Whitley filed her petition and the judgment in her case was rendered by the trial court, La. R.S. 13:5107 provided, in pertinent part:[7]
A. In all suits filed against the State of Louisiana or a state agency, citation and service may be obtained by citation and service on the attorney general of Louisiana ... and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board,
17commission, department, agency, or officer through which or through whom suit is to be filed against.
[[Image here]]
D. (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
(2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.[8]
After a thorough interpretation of the language of La. R.S. 13:5107(A), the Whitley court determined that the phrase, “may be obtained,” modified all of the phrases after it, including those appearing after the conjunctive “and.” The supreme court therefore concluded that, from a grammatical standpoint, the statute should read that citation and service:
1. may be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and
*135 2. may be obtained by citation and service on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and
3. may be obtained by citation and service on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.
| sWhitley, 2011-0040 at 10-11, 66 So.3d at 477. The court further concluded that, “[p]roviding permission to request service on the [Attorney General] and the head of the agency does not impose a requirement that the plaintiffs request for service pertain to both.” Whitley, 2011-0040 at 11, 66 So.3d at 477. In support of this conclusion, the court focused on the legislature’s use of the permissive term “may,” rather than the mandatory terms “shall” or “must.” Id.
The supreme court also noted that, pursuant to La. R.S. 13:5107(D)(2), when service is not requested by the plaintiff within 90 days of the commencement of the action, the action shall be dismissed, without prejudice, after contradictory motion, as provided in La.Code Civ. P. art. 1672(C). When such a dismissal occurs, prescription is not interrupted as to the state defendants. La. R.S. 13:5107(D)(3). Considering this harsh consequence and the policy favoring maintaining actions, the court concluded that, if the legislature’s word choice made La. R.S. 13:5107(A) susceptible to two possible constructions, the statute should be construed in such a manner as to maintain the claim. Whitley, 2011-0040 at 12-13, 66 So.3d at 478. Accordingly, the court determined that Ms. Whitley’s request for service of citation on the Medical Center satisfied the requirement of La. R.S. 13:5107(A) and (D) and afforded the Medical Center an opportunity to request the legal representation to which it was entitled. Whitley, 2011-0040 at 13, 66 So.3d at 479.
Based on the supreme court’s holding in Whitley, we agree with plaintiffs’ argument that La. R.S. 13:5107(A) does not require plaintiffs to make multiple requests for service within the 90-day period. However, our inquiry in the instant case does not end here. What Louisiana law does require of plaintiffs is that service of citation be requested within 90 days of commencement of the action, in default of which the action shall be dismissed without prejudice. Plaintiffs rely on La. R.S. 13:850 and claim that their request for service, which was fax filed on April 19, 2010, was timely because the clerk’s office received the original and the service fees within five days. Under the facts and circumstances herein, plaintiffs’ reliance on La. R.S. 13:850 is misplaced. In Wilborn v. Vermillion Parish Police Jury, 2004-1074, p. 1 (La.7/2/04), 877 So.2d 985 (per curiam), the Louisiana Supreme Court held:
[Louisiana Revised Statutes] 13:5107(D) provides that in suits against the state or a political subdivision, service of citation shall be requested within ninety days of the commencement of the action. Nothing in that statute requires that the request be filed with the court. The court of appeal’s reliance on the fax-filing statute, La. R.S. 13:850, is misplaced, as that statute deals with the requirements for filing papers in civil actions. [Emphasis in original.]
For the reasons that follow, we find no merit to plaintiffs’ arguments on appeal and affirm the trial court’s judgment below. We note, however, that La. R.S. 13:5107 provides that the dismissal shall be *136 without prejudice, and we amend the trial court’s judgment accordingly. Simmons v. Braquet, 99-1534, p. 6 (La.App. 1 Cir. 6/23/00), 762 So.2d 766, 769.
With few exceptions, citation and service are essential in all civil actions. La.Code Civ. P. art. 1201(A). Proper citation is the cornerstone of these actions. Naquin v. Titan Indem. Co., 2000-1585, p. 8 (La.2/21/01), 779 So.2d 704, 710. Pursuant to La. R.S. 13:5107(D)(1), “[i]n all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action.”[9] If service is not requested within the time period provided, the action “shall be dismissed without prejudice” after a contradictory motion as provided in La.Code Civ. P. art. 1672(C).[10] La. R.S. 13:5107(D)(2). Article 1672(C) provides that such dismissal shall be rendered “unless good cause is shown why service could not be requested.” See also Johnson v. University Medical Center in Lafayette, 2007-1683, p. 2 (La.11/21/07), 968 So.2d 724, 725.
In Tranchant v. State, 2008-0978 (La.1/21/09), 5 So.3d 832, the Louisiana Supreme Court addressed the question of what constitutes a “request” for service pursuant to La. R.S. 13:5107(D). The plaintiffs in Tranchant filed suit on August 3, 2006, and asked that service be held. On November 2, 2006 (the 90th day), plaintiffs’ counsel mailed a service request with payment for service. The service request was received on November 8, 2006. The trial court granted defendants’ motion to dismiss, finding that the service request was only effective on the date it was actually received by the clerk’s office. The appeal court reversed, concluding that the dating and mailing of a letter on the 90th day constituted a timely request for service. Tranchant, 2008-0978 at 2-3, 5 So.3d at 833-834. The supreme court reversed the decision of the appellate court and reinstated the trial court’s judgment, stating as follows:
In our view, the ordinary meaning of the word “request,” without more, contemplates a two-party transaction involving one who asks that something be done and one who does what is asked. Thus, for purposes of La. R.S. 13:5107(D)(1), service of citation should be deemed “requested” when the clerk receives service instructions from the plaintiff.
[[Image here]]
A valid request for service under La. R.S. 13:5107(D)(1) is made when the clerk receives the request for service and can then act on it. [Emphasis added.]
Tranchant, 2008-0978 at 7-11, 5 So.3d at 836-838.
Prior to the Louisiana Supreme Court’s decision in Tranchant, this court, in Jenkins v. Larpenter, 2004-0318 (La.App. 1 Cir. 3/24/05), 906 So.2d 656, writ denied, 2005-1078 (La.6/17/05), 904 So.2d 711, considered whether an inmate’s request for service on the sheriff in a personal injury action constituted a “request” for purposes *137 of the statute requiring service to be requested within 90 days of commencement of an action in suits against government entities, public officers, or employees. This court noted that the inmate’s request was not accompanied by payment of the required fees and that the inmate had been denied pauper status. Moreover, the inmate failed to pay the required fees for “well over ten months after |nbeing notified of that denial.” Jenkins, 2004-0318 at 5, 906 So.2d at 659. In affirming the trial court’s dismissal of the inmate’s suit for failure to timely request service on the defendants, this court concluded:
We find that a request for service without payment of required fees, or without leave of court excusing such payment because of pauper status, simply is no proper request at all. The articles requiring that service be requested within [90] days would be rendered meaningless if a non-pauper plaintiff could include a paragraph in his petition “requesting” service, but not actually pay the fee required for service to be effected. Even if the 90-day deadline was tolled until the denial of his request for pauper status, Jenkins failed to pay the required fee for well over ten months after being notified of that denial, and no good cause was shown for such failure. Thus, he did not request service within the [90]-day period, and the trial court was therefore correct in dismissing his petition. [Emphasis added.]
Jenkins, 2004-0318 at 4-5, 906 So.2d at 659 (citation omitted).
Applying the above legal precepts to the instant case, we conclude that plaintiffs’ request for service on LSU and the attorney general’s office was not valid under La. R.S. 13:5107. As the supreme court in Tranchant recognized, unless the clerk’s office can act on the request for service, then the request for service is not valid or effective. Tranchant, 2008-0978 at 10-11, 5 So.3d at 838. Plaintiffs fax filed their request for service on April 19, 2010, but the clerk’s office could not act on the request for service because there was no payment of service fees. The original signed document and service fees were not received by the clerk’s office until April 26, 2010 (97 days after the petition was fax filed on January 19, 2010, and 95 days after the original petition was filed in the clerk’s office on January 21, 2010). Thus, because plaintiffs did not validly request service within 90 days from the commencement of the action pursuant to La. R.S. 13:5107(D)(1), the action must be dismissed without prejudice.
CONCLUSION
For the above and foregoing reasons, we affirm the trial court’s August 24, 2010 judgment dismissing plaintiffs’ suit against LSU. We amend the judgment to reflect that the dismissal is to be without prejudice. All costs associated with this appeal are assessed against plaintiffs, Brenda Morales and Jerson Rodriguez.
AMENDED AND, AS AMENDED, AFFIRMED.

. The petition was fax filed on January 19, 2010, and the original was subsequently filed in the clerk’s office on January 21, 2010.

. The trial court denied plaintiffs’ motion to continue the hearing.

. According to an affidavit from a deputy clerk of court for the East Baton Rouge Parish Clerk of Court, judgment in this matter was signed by the trial court on August 24, 2010. A second, duplicate judgment was signed by the trial court on August 31, 2010. However, only the August 24, 2010 judgment included a stamp indicating notice of judgment was mailed to counsel of record.

. On January 24, 2012, this court issued a show cause order, asking the parties to address: 1) whether the motion for new trial was timely filed; 2) what effect, if any, did the August 31, 2010 judgment have on this matter; and 3) whether the appeal should be dismissed as premature. In a May 21, 2012 order, another panel of this court maintained the instant appeal.

. Fax filing is provided for in La. R.S. 13:850 and, at the time of this lawsuit, stated as follows:
A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a *133 receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.
B. Within five days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
(1) The original signed document,
(2) The applicable filing fee, if any.
(3) A transmission fee of five dollars.
C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.
D. The clerk may purchase equipment and supplies necessary to accommodate facsimile filings out of the clerk's salary fund.

. As set forth in La. R.S. 39:1538, in all claims against the State or any of its agencies to recover damages in tort, "process shall be served upon the head of the department concerned, the office of risk management, and the attorney general, as well as any others required by [La.] R.S. 13:5107.” La. R.S. 39:1538(4). However, there are no time constraints on the service provisions in this statute as there are in La. R.S. 13:5107. Nonetheless, as we find that plaintiffs’ request for service on LSU and the attorney general’s office in the instant case was untimely pursuant to La. R.S. 13:5107 and that dismissal without prejudice is the appropriate remedy herein, we need not discuss further the alleged applicability of La. R.S. 39:1538 to the facts and circumstances herein or the many differences between the two statutes.

. This version of the statute applicable in Whitley was the same version applicable at the time plaintiffs filed their petition in this matter on January 19, 2010.

. Paragraph (D)(2) has since been amended by 2010 La. Acts, No. 55, § 1, to provide as follows:
If service is not requested by the party filing the action within the period required in Paragraph (1) of this Subsection, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, upon whom service was not requested within the period required by Paragraph (1) of this Subsection.
Although the earlier version of this paragraph was in effect when plaintiffs filed the petition in the matter currently before this court, it was the amended version of the paragraph that was in effect when the judgment at issue was rendered.

. The general rule is specified in La.Code Civ. P. art. 1201(C), which provides that service of citation be requested on all named defendants within ninety days of commencement of the action.

. At the time of this lawsuit, Article 1672(C) provided:
A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.