STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1402

RODERICK VAUGHN DOMINICK JR.

VERSUS

GRAMBLING STATE UNIVERSITY BY AND THROUGH THE
BOARD OF SUPERVISORS FOR THE UNIVERSITY OF
LOUISIANA

DATE OF JUDGMENT:     JUL 2 4 2020

ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT
NUMBER C674310, SECTION 22, PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

HONORABLE TIMOTHY KELLY, JUDGE

* * * * * *

Tonya S. Johnson
New Orleans, Louisiana

Jeff Landry
Attorney General
William David Coffey
Assistant Attorney General
New Orleans, Louisiana
Gregory S. Barkley
Assistant Attorney General
Shreveport, Louisiana

Counsel for Plaintiff-Appellant
Roderick Vaughn Dominick Jr.

Counsel for Defendant-Appellee
State of Louisiana, through the Board
of Supervisors for the University of
Louisiana System

* * * * * *

BEFORE: McDONALD, THERIOT, AND CHUTZ, JJ.

Disposition: AFFIRMED.

**CHUTZ, J.**

Plaintiff-appellant, Roderick Vaughn Dominick Jr., appeals the trial court's judgment, sustaining a declinatory exception of insufficiency of service of process and dismissing without prejudice his cause of action against defendant-appellee, State of Louisiana, through the Board of Supervisors for the University of Louisiana System (the Board). We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

According to the allegations of his petition, Dominick was enrolled as a freshman at Grambling State University (Grambling), living on campus in one of the dormitories. On the night of September 21, 2017, a person ran into his room to rob him. A struggle ensued during which Dominick was shot in the arm. Averring he sustained injuries to his left humerus, nerve damage, and the loss of full use of and permanent damage to his arm, Dominick claimed that Grambling did not offer him any assistance or support.

On September 21, 2018, Dominick filed a petition for damages, naming the Board as a defendant, averring that it was "authorized and mandated to direct, control, supervise[,] and manage Grambling." He alleged that the Board was liable to him for damages as a result of his injuries and for Grambling's failures to take appropriate steps to mitigate his losses and to provide adequate security on campus.

On November 5, 2018, the Louisiana Attorney General filed a request for 10-day notice of setting and of judgment on behalf of the Board. Thereafter, on January 18, 2019, the Board subsequently filed a declinatory exception raising the objection of insufficiency of service of process.

After a hearing, the trial court signed a judgment on April 15, 2019, sustaining the exception of insufficiency of service of process and dismissing

2

Dominick's cause of action without prejudice. After the trial court denied Dominick's motion for new trial, this appeal followed.

## DISCUSSION

With few exceptions, citation and service are essential in all civil actions. La. C.C.P. art. 1201A. Proper citation is the cornerstone of these actions. *Tranchant v. State*, 2008-0978 (La. 1/21/09), 5 So.3d 832, 834.

Pursuant to La. R.S. 13:5107D(1), "[i]n all suits in which the state, a state agency, or political subdivision ... is named as a party, service of citation shall be requested within ninety days of the commencement of the action." If service is not requested within the time period provided, the action "shall be dismissed without prejudice" after a contradictory motion as provided in La. C.C.P. art. 1672C. La. R.S. 13:5107D(2). Article 1672C provides that such dismissal shall be rendered "unless good cause is shown why service could not be requested." *Tranchant*, 5 So.3d at 834.

The requirement of La. R.S. 13:5107D that service on state defendants shall be requested within ninety days of the commencement of the action or be subject to dismissal is not a punitive concept. The ninety-day request of service rule balances the policies of seeing that every litigant has his day in court with the policy that lawsuits, once filed, should be prosecuted without unreasonable delay. In fact, it appears that by adopting the ninety-day request of service rule, the legislature indicated its intent to shift the balance in favor of moving cases, once filed, more quickly through the judicial system. *Tranchant*, 5 So.3d at 835.

On appeal, emphasizing that he timely paid the appropriate filing fees, Dominick asserts the trial court erred in failing to overrule the exception of insufficient service of process because the failure to set forth an address for the parties upon whom service is requested is not the same as failing to request service.

3

Service upon the defendant pursuant to La. R.S. 13:5107D(1) requires an accurate request of service upon the proper agent. For service to be requested and effectuated, the clerk must be provided with the correct name and address of those persons to be served. The plain language of La. R.S. 13:5107D(1), without more, requires that the clerk receive this information before it can be considered "requested." *Tranchant*, 5 So.3d at 836.

In the service request of his petition, Dominick's attorney simply stated, "**Please Serve:**/ Attorney General/ Board of Supervisors/ University System of Louisiana." It is undisputed, and at the hearing Dominick conceded, that the service instructions did not include an address for either the attorney general or the Board. Thus, because the service instructions failed to provide the address of the persons to be served, service cannot be considered to have been requested.

Additionally, our review of the record provides no basis for finding good cause for why service could not be requested as permitted under Article 1672C. This good-cause requirement is strictly construed. *Barnett v. Louisiana State Univ. Med. Ctr.-Shreveport*, 2002-2576 (La. 2/7/03), 841 So.2d 725, 726. Mere confusion over a party's proper service information is not a sufficient basis for good cause. *Johnson v. Univ. Med. Ctr. in Lafayette*, 2007-1683 (La. 11/21/07), 968 So.2d 724, 725. Similarly, inadvertence in requesting service on the part of the plaintiff's attorney is not a sufficient basis for good cause. *Norbert v. Loucks*, 2001-1229 (La. 6/29/01), 791 So.2d 1283, 1285.

At the hearing, Dominick's attorney stated that she received a letter on October 30, 2018, indicating an attorney was enrolling on behalf of Grambling and the attorney general, and noted the November 5, 2018 request for notice that had been filed into the record. But she conceded that a defendant's notice of a lawsuit

4

was not tantamount to service[1] and acknowledged that she failed to review the petition to determine whether she had provided addresses for service of process after receipt of the letter or the notice requests filed on behalf of the Board. Thus, whether attributable to confusion or inadvertence, the failure of Dominick's attorney to request service by providing to the clerk the addresses of the parties to be served as required under the provisions of La. R.S. 13:5107D(1) and the jurisprudence is simply insufficient to constitute good cause. Accordingly, we find no error in the trial court's actions of sustaining the exception of insufficiency of service of process and dismissing Dominick's cause of action.

## DECREE

For these reasons, the trial court's judgment is affirmed. Appeal costs are assessed against plaintiff-appellant, Roderick Vaughn Dominick. Jr.

**AFFIRMED.**

---

[1] *Rivers v. Groth Corp.*, 95-2509 (La. App. 1st Cir. 9/27/96), 680 So.2d 762, 763 ("The law is moreover patently clear that actual knowledge cannot supplant the need for strict compliance with the requisites of proper citation.").