| LANELL E. DAROUSE | * | NO. 2024-C-0689 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| P.J.'S COFFEE OF NEW ORLEANS, LLC AND NEW | * | FOURTH CIRCUIT |
| ORLEANS ROAST, LLC | * | STATE OF LOUISIANA |

* * * * * * *

ON SUPERVISORY WRIT FROM THE
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-08499, DIVISION "F-14"
Honorable Jennifer M. Medley
* * * * * *
**Judge Karen K. Herman**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Dale N. Atkins, Judge Karen K. Herman)

Walter P. Maestri
DEUTSCH KERRIGAN, L.L.P.
755 Magazine Street
New Orleans, Louisiana 70130

    COUNSEL FOR RELATORS-DEFENDANTS


Lance C. Unglesby
Adrian M. Simm, Jr.
Jamie F. Gontarek
UNGLESBY LAW FIRM
607 St. Charles Ave., Ste. 300
New Orleans, Louisiana 70130

    COUNSEL FOR RESPONDENT-PLAINTIFF

**WRIT GRANTED; RELIEF DENIED; REMANDED
DECEMBER 17, 2024**

1

KKH
DLD
DNA Relators-Defendants, P.J.'s Coffee of New Orleans, LLC and New Orleans Roast, LLC ("Defendants"), seek supervisory review of the trial court's September 6, 2024 judgment denying their declinatory exception of insufficiency of service of process pursuant to La. C.C.P. art. 1201(C) and denying their motion for involuntary dismissal pursuant to La. C.C.P. art. 1672(C). For the following reasons, we grant the writ application, deny relief, and remand the matter to the trial court for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

On September 12, 2022, Lanell E. DaRouse ("Plaintiff") filed the instant petition in Orleans Parish Civil District Court against Defendants for injuries sustained as a result of stepping on and falling through a skylight while inspecting and servicing the HVAC system on the roof of the building located at 2700 N. Peters Street, owned by Defendants. Plaintiff's counsel paid the Clerk of Court the filing fees at the time he filed the petition. The petition also included the service instructions and the addresses to serve Defendants through their registered agent for process.

On November 2, 2023, the Orleans Parish Sheriff's Office ("OPSO") held and then returned the citations and petition to the Clerk of Court for nonpayment of

the service fee. According to Plaintiff, he was not advised by the Clerk of Court that payment of additional fees were required for service or that service would be held until the fees were paid.

After not receiving notice of service, Plaintiff's counsel called the Clerk of Court, who advised additional fees were needed for service. On January 25, 2023, Plaintiff's counsel paid the one hundred and forty-five dollar service fees. Plaintiff's counsel, however, did not request that the Clerk of Court re-issue the citations and petitions at that time.

On May 5, 2023, Plaintiff's counsel sent a letter to the Clerk of Court requesting a reissuance of service. The Clerk of Court reissued citations to Defendants on May 12, 2023. OPSO perfected service on Defendants on May 31, 2023.

On June 15, 2023, Defendants filed an exception of insufficiency of service of process pursuant to La. C.C.P. art. 1201(C) and an involuntary motion to dismiss pursuant to La. C.C.P. art. 1672(C). Defendants contended that Plaintiff failed to request service on them within ninety days of filing the petition for damages. Defendant also claimed that the OPSO issued Plaintiff's counsel an invoice via email on September 19, 2022, reflecting an outstanding balance of one hundred and forty-five dollars for service, and that Plaintiff's counsel failed to pay the service fees until January 2023.

On July 5, 2023, Plaintiff filed an opposition to the exception and motion to dismiss, asserting that he paid all the filing fees to the Clerk of Court at the time his petition was filed. Moreover, Plaintiff noted the petition included the service instructions on the petition filed on September 12, 2022, thus satisfying the requirements of La. C.C.P. art. 1201(C). He also noted that the Clerk of Court

3

acted on his request for service, as evidenced by the two case docket report entries dated September 16, 2022, that stated "citation and service copies of petition issued to [Defendants]." Plaintiff insisted that his counsel never received the email/notice about the additional fees to perfect service from OPSO.[1]

On August 29, 2023, Defendants filed a reply memorandum, which included a copy of the September 19, 2022, email correspondence from the OPSO's email to Plaintiff's counsel and the OPSO invoice for service fees.

On August 31, 2023, the trial court held a hearing on the exception of insufficiency of service of process and the motion to dismiss. In addition to the arguments raised by the parties in their memoranda, Plaintiff contended that the OPSO email allegedly notifying him that services fees were owed went to his spam folder. [2] At the conclusion of the hearing, the trial court denied Defendants' exception and motion.[3]

---

[1] Plaintiff attached the following exhibits in support of his opposition: (1) a copy of the petition; (2) copies of the forms/coversheets for the citations and service that listed the parties to be served, addresses, suite/room and cities completed by Plaintiff's counsel; (3) a copy of the correspondence dated May 5, 2023, from Plaintiff's counsel to the Clerk of Court requesting it re-issue Plaintiff's petition and perfect service on Defendants; (4) a copy of the receipt evidencing that Plaintiff's counsel paid the one hundred and forty-five dollar service fees as well as the three dollars and forty-one cent convenience fee on January 25, 2023 in order to serve Defendants; and (5) copies of the case docket report which evidenced that the Clerk of Court generated the citations to serve Defendants because it stated "You have been sued" that included Defendants' names, registered agents, and addresses for service.

[2] Counsel for Plaintiff objected to the trial court's consideration of the OPSO email and also stated that it went to counsel's spam folder. He stated: "It went to spam. There's nothing on here [the email] that's helpful in any way. You can see from our pleading how much effort Mr. Simm went to continuing to call and check. Nobody was telling us that we owed any money."

[3] The transcript provides, in part:

The Court: I'm going to overrule the exception at this time.
 . . . .

The Court: Because I'm not going to dismiss someone's case because of problems this entire Court is aware of. I cannot tell you how many - - even appointments of private process server's - -we are tired of signing them because people can't get served. People who are paying for service and they're saying that they haven't paid for service

On January 19, 2024, Defendants filed an *ex parte* motion to supplement the exception and motion, seeking to admit the affidavit of Deputy Ernestine Neville of the OPSO. The affidavit identified Deputy Arion Jefferson ("Jefferson") as the OPSO employee who created the OPSO service fee invoice on September 19, 2022, and sent the invoice to Plaintiff's counsel's email. The affidavit provided that Jefferson emailed the OPSO's invoice #87399 to Plaintiff's counsel at the email address: adrian@unglesbylaw.com. The trial court granted Defendants' motion to supplement on January 23, 2024.

On September 6, 2024, the trial court executed the judgment denying the exception of insufficiency of service of process and the motion for involuntary dismissal.[4] Defendants thereafter sought writs with this Court.

**APPLICABLE LAW**

Declinatory Exception of Insufficiency of Service of Process and Citation

"Appellate courts review a dismissal of an action for failure to timely request service under a manifest error standard." *Walker v. GoAuto Ins. Co.,* 2020-0331, p. 4 (La. App. 4 Cir. 6/10/21), 323 So.3d 918, 920; *Macquet v. Westbay*,

---

[Counsel for Plaintiff]: There's no doubt we paid. They told us how much to pay, we paid it, they didn't serve it. And then, you know, now we set it later and they send out this random email saying we owe more money. Well, the clerk didn't tell us that. We're calling the clerk saying, "Hey, what's going on here?" Nobody is communicating with us. You know, there's nothing online that helps us.

The Court: And for the record, so when you go to the Fourth Circuit, everyone knows the frustration. The fact that y'all have to call and y'all have to pay to find out how much y'all owe on cases now, that in itself is ridiculous. I don't understand that. How you have to pay to find out how much you have to pay. So I'm not going to dismiss someone's case because of the communication issues--

[4] The record indicates that Plaintiff's counsel emailed a proposed judgment on September 11, 2023 to defense counsel. Defense counsel responded that Defendants wanted to obtain a copy of the transcript from the August 31, 2023 hearing before submitting the proposed judgment. According to Plaintiff's counsel, after hearing no word from defense counsel for some time, he submitted a copy of the proposed judgment to the trial court judge on November 8, 2023. However, the judgment was not signed until September 6, 2024.

2019-1093, p. 2 (La. App. 4 Cir. 7/15/20), 302 So.3d 564, 565 (citing *Llopis v. Louisiana State Bd. of Dentistry*, 2013-0659, p. 5 (La. App. 4 Cir. 6/11/14), 143 So.3d 1211, 1214).

"Appellate courts review a dismissal of an action for failure to timely request service under a manifest error standard." *Walker v. GoAuto Ins. Co.,* 2020-0331, p. 4 (La. App. 4 Cir. 6/10/21), 323 So.3d 918, 920; *Macquet v. Westbay*, 2019-1093, p. 2 (La. App. 4 Cir. 7/15/20), 302 So.3d 564, 565 (citing *Llopis*, 2013-0659, p. 5, 143 So.3d at 1214). However, "[w]hen there are no disputes as to the facts, the ruling on exceptions of insufficiency of citation and service of process is [reviewed under] a *de novo* standard of review." *Lepine v. Dep't of Wildlife & Fisheries*, 2022-0160, p. 3 (La. App. 4 Cir. 10/5/22), 350 So.3d 988, 991, *writ denied*, 2022-01627 (La. 1/11/23), 352 So.3d 983 (quoting *Brown v. Chesson,* 2020-00730, p. 2 (La. 3/24/21), 315 So.3d 834, 836).

La. C.C.P. art. 1201(C) sets forth the general rules regarding citation and service of process and provides, in pertinent part:

> *Service of the citation shall be requested on all named defendants within ninety days of commencement of the action.* [Emphasis added]. When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing, and the additional defendant shall be served with the original petition and the supplemental or amended petition. The requirement provided by this Paragraph shall be expressly waived by a defendant unless the defendant files, in accordance with the provisions of Article 928, a declinatory exception of insufficiency of service of process specifically alleging the failure to timely request service of citation. [5]

---

[5] Also, La. C.C.P. art. 1202 addresses the requirements for a valid citation and service and provides:

> The citation must be signed by the clerk of the court issuing it with an expression of his official capacity and under the seal of his office; must be accompanied by a

6

"Notably, regarding the ninety-day notice requirement, this Court has indicated that '[t]he purpose of the requirement that service be requested within ninety days of the suit's commencement is to insure that the defendant receives notice of the suit within a reasonable time after it has been commenced.'" *Walker,* 2020-0331, p. 6, 323 So.3d at 921 (quoting *Anderson v. Norfolk S. R. Co.,* 2002-0230, p. 4 (La. App. 4 Cir. 3/27/02), 814 So.2d 659, 661).

Involuntary Motion for Dismissal

"An appellate court reviews involuntary dismissal under a manifest error standard of review." *Jefferson Fin. Fed. Credit Union v. New Orleans Libations & Distilling Co., LLC,* 2022-0123, p. 3 (La. App. 4 Cir. 10/31/22), 351 So.3d 783,785 (citing *Crowe v. State Farm Mut. Auto. Ins. Co.,* 2020-0244, p. 3 (La. App. 4 Cir. 11/18/20), 309 So.3d 773, 776).

La. C.C.P. art. 1672(C) sets forth the requirements for obtaining an involuntary dismissal when a defendant has not been properly served in the requisite time period. La. C.C.P. art. 1672 (C) provides, in pertinent part:

> A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) or 3955 upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.

---

certified copy of the petition, exclusive of exhibits, even if made a part thereof; and must contain the following:
(1) The date of issuance;
(2) The title of the cause;
(3) The name of the person to whom it is addressed;
(4) The title and location of the court issuing it; and
(5) A statement that the person cited must either comply with the demand contained in the petition or make an appearance, either by filing a pleading or otherwise, in the court issuing the citation within the delay provided in Article 1001 under penalty of default.

The Louisiana Supreme Court addressed what constitutes a valid and timely "request" for service of process in *Tranchant v. State,* 2008-0978 (La. 1/21/09), 5 So.3d 832. The *Tranchant* Court stated that a request of service occurs when the "clerk receives the request for service and can then act on it." *Tranchant*, 2008-0978, p. 11 So.3d at 838. The Louisiana Supreme Court found service was not requested timely when the request was mailed on the ninetieth day, but not received until days later. *Id.* at 837. The Court found that service is requested "when the clerk receives service instructions from the plaintiff" and not simply at the moment the plaintiff deposits the letter in the mail asking the clerk for service. *Tranchant,* 2008-0978, p. 7, 5 So.3d at 836.[6]

**DISCUSSION**

In their writ application, Defendants claim that the trial court erred in denying the exception of insufficiency of service of process and the motion for involuntary dismissal. They acknowledge that Plaintiff's counsel included a request for service when he filed the petition on September 12, 2022. However, Defendants argue that the fees associated with service must be paid within the ninety days to deem Plaintiff's request for service complete. Defendants note

---

[6]The Louisiana Supreme Court stated:

> To resolve the legal question presented by this case, we must determine what is required to constitute a request for service. Generally, a request is made when one asks someone for something. Here, plaintiff asks that the clerk serve the persons named as defendants in a lawsuit. The clerk cannot act to effect service until he is aware of what is being asked of him. In our view, the ordinary meaning of the word "request," without more, contemplates a two-party transaction involving one who asks that something be done and one who does what is asked. Thus, for purposes of La. R.S. 13:5107(D)(1) [addressing service for suits against the state of Louisiana or a state agency] service of citation should be deemed "requested" when the clerk receives service instructions from the plaintiff.

*Tranchant,* 2008-0978, p. 7, 5 So.3d at 836.

Plaintiff's counsel received an email invoice from the OPSO indicating the fees were owed to perfect service on September 19, 2022.

To support Defendants claim that service fees must be paid for a timely request for service of citation, Defendants rely on *Methvien v. Our Lady of the Lake*, 2020-1081 (La. App. 1 Cir. 4/16/21), 318 So.3d 329. In *Methvien*, the plaintiff fax filed a petition on October 11, 2019, which included a request to serve the defendant. The plaintiff received confirmation from the clerk that it received petition and that the plaintiff owed filing fees. The plaintiff paid the filing fees on October 14, 2019. *Methvien*, 2020-1081, p. 2, 318 So.3d at 331. The defendants filed an exception of insufficiency of service of process and motion for involuntary dismissal. The defendant conceded that the plaintiff requested service, but argued that he failed to pay the required service fees. The plaintiff opposed the exception, arguing that he requested service at the time he filed his petition and paid the fees within days of receiving the balance owed from the clerk. The plaintiff contended that he did not know that service fees were owed to the Sheriff's Office until he was served with the exception. The defendants supplemented the exception with a "message reply" from the clerk's office dated October 22, 2019, informing plaintiff that an additional check was required to the Sheriff's Office. *Id.* at p. 3, 318 So.3d at 332. The trial court granted the exception and motion, dismissing the plaintiff's claims.

The First Circuit affirmed, finding that "under our jurisprudential rule in *Jenkins* [*v. Larpenter*, 2004-0318, pp. 4-5 (La. App. 1st Cir. 3/24/05), 906 So.2d 656, 658-659] service was not requested on [the defendant] within ninety days of the commencement of the action because *payment* of the required fees was not

9

timely made." *Methvien*, 2020-1081, p. 5, 318 So.3d at 332 (emphasis in original).[7] The First Circuit thus held that the plaintiff's request for service was not timely because the plaintiff did not pay the *service fees* before the ninety day period had elapsed.

However, this Court in *Walker*, 2020-0331, p. 10, 323 So.3d at 923, more recently found that a request for service on the defendants in the plaintiff's petition along with payment of the Clerk of Court *filing fees* satisfies the requirement of La. C.C.P. art. 1201(C). *See also, Draten v. Univ. Med. Ctr. Mgmt. Corp.*, 2020-0519, p. 14 (La. App. 4 Cir. 7/21/21), 325 So.3d 441, 444-45 ("service of process was timely requested when plaintiffs sent correspondence to the Clerk of Court within ninety days of commencement of the suit"). Further*, Methvien* is a First Circuit Court opinion and thus has no binding precedence on this Court. *See Ernest N. Morial New Orleans Exhibition Hall Auth. v. New Limits New Limits,* LLC, 2016-0706, p. 7 (La. App. 4 Cir. 4/5/17), 215 So.3d 974, 978 ("under the 'law of the circuit' rule, we are not bound by the decisions made by other circuits; it is persuasive authority only").[8]

In *Walker*, the plaintiff filed suit on February 23, 2018, and he requested service on all named defendants. The petition originally requested that he proceed

---

[7] *Jenkins* held that "[s]ervice of citation is not considered requested until the clerk receives a request for service and payment of the required fees or an order granting pauper status." *Methvien*, 2020-1081, p. 4, 318 So.3d at 332.

[8] Defendants also contend that the argument that the OPSO notice was not received by Plaintiff's counsel because it was directed to his spam folder lacks merit. They claim notice of the OPSO email is binding on Plaintiff's counsel even if it was redirected to spam. They cite several federal cases, including *Boyd v. Monroe City Hall*, No. 3:20-CV001473, 2021 WIL 1305385 at p. 3 (W.D. La. Mar. 8, 2021), *report and recommendation adopted*, No. 3:20-CV001473, 2021 WL 1299204 (W.D. La. Apr. 7, 2021), which stated the federal courts "have consistently held that a party is not entitled to relief when an email notification is directed into an attorney's spam folder and goes unseen." However, like other circuit court decisions, "federal district court decisions are not binding on this Court." *Rousse v. United Tugs, Inc.*, 2017-0585, p. 6 (La. App. 4 Cir. 12/20/17), 234 So. 3d 1179, 1184.

*in forma pauperis*. On March 19, 2018, the Clerk of Court informed plaintiff's counsel that the *in forma pauperis* application was denied and that money was due for court costs. On March 26, 2018, plaintiff's counsel sent payment, which was received by the Clerk of Court the following day. However, service on the defendants, as requested in the petition, never occurred. Approximately one year later, despite plaintiff's counsel's numerous inquiries concerning the status of the service of process on the named defendants, the Clerk of Court informed plaintiff's counsel that the original petition was being held by the Sheriff's Office because there were funds owed to cover service fees. "Following this notification, [plaintiff's] counsel was advised of the amounts of additional service fees that were due (presumably to the Sheriff); the record is unclear when counsel received this information." *Walker,* 2020-0331, p. 3, 323 So.3d at 919. On April 16, 2019, the plaintiff's counsel forwarded the check to the OPSO and others. On September 10, 2019, the plaintiff realized that no service had ever been effectuated and sent a letter to clerk requesting that service be re-issued. *Walker,* 2020-0331, p. 3, 323 So.3d at 919. The defendants were thereafter served. The defendants filed an exception of insufficiency of service of process, which the trial court granted. The plaintiff appealed.

This Court reversed. The *Walker* Court stated that La. C.C.P. art. 1201 is "unambiguous and only requires that service be requested." *Id*. at p. 9, 323 So.3d at 922. This Court then found that *Trachant's* pronouncement, that "service of citation should be deemed 'requested' when the clerk receives service instructions from the plaintiff" was "dispositive as applied to the case at bar."[9] This Court thus

_____

[9] This Court also distinguished *Jenkins* (cited in *Methvian*) because the plaintiffs therein requested service and failed to timely pay the required court costs after receiving notice the *in*

11

held service was timely requested when plaintiff made the initial request and paid the clerk of court the costs due. *Walker,* 2020-0331, p. 9, 323 So.3d at 923. The *Walker* Court then concluded that the plaintiff's request for service satisfied La. C.C.P. art. 1201(C). *Id.* at p. 10, 323 So.3d at 923.

Also, this Court in *Draten,* 2020-0519, p. 14, 325 So.3d at 449, reversed the granting of an exception of insufficient service of process and found that "service was timely requested when plaintiff made the initial request and paid the cost stipulated by the Clerk of Court" although service of citation on the defendants was withheld and full payment of service fees was not immediately delivered to the OPSO. *See also, Parker v. Rite Aid Corp.,* 2003-0208, pp. 1-2 (La. App. 4 Cir. 3/26/03), 843 So.2d 1140, 1141 (holding that the "requirements of La. C.C.P. arts. 1201(C) and 1672(C) have been met" when the plaintiff "made the request for service to the clerk of court," even if the plaintiff did not deliver payment for service to the OPSO at the time of filing the petition).

Here, similar to *Walker* and *Draten,* although Plaintiff failed to timely pay service fees to OPSO, Plaintiff paid the requisite court costs to the Clerk of Court when filing the petition on September 12, 2022. Additionally, the petition included an instruction to the Clerk of Court to serve Defendants and thus "requested" service of citation as articulated in *Tranchant.* Accordingly, Plaintiff timely requested service of process on Defendants within ninety days of commencement of the action under La. C.C.P. art. 1202(C). As such, the trial court did not err in denying Defendants' exception of insufficiency of service of process and in denying Defendants' motion for involuntary dismissal.

---

*forma pauperis* was denied, whereas the plaintiff's counsel in *Walker* timely paid the filing costs due to the clerk of court. *Walker,* 2020-0331, p. 7, 323 So.3d at 921.

**DECREE**

For the aforementioned reasons, we grant the writ application, deny relief,
and remand the matter to the trial court for further proceedings.

**WRIT GRANTED; RELIEF DENIED; REMANDED**