JaREMY CHIASSON, Judge Pro Tem.
Certiorari was granted in this matter in connection with a writ application to review the denial of an exception of no cause of action filed by plaintiffs. Our review of the matter reveals that the exception was properly denied.
On February 16, 1993, Sheila Wetzler was shot and killed by her estranged husband, William Wetzler, Jr. while attending a court proceeding in the Twenty-Second Judicial District Court, Parish of Washington. Bennie Dewayne Dickerson and Mary Ellen Dickerson, in their capacity as legal guard *1166 ians of William Andrew and William August Wetzler, filed suit against Duane Blair in his capacity as Sheriff of Washington Parish, the Parish of Washington, and their insurers for the death of Sheila Wetzler, the mother of the minor children Andrew and August Wet-zler. The Parish of Washington and its insurer filed a third party demand against the “Estate of William Wetzler, Jr.,” seeking contribution and/or full indemnification for the damages incurred by the plaintiffs as a result of the “negligence and or intentional acts on the part of William Wetzler.” The demand requests service upon “The Estate of William Wetzler, Jr. through the Executor of the Succession of William Wetzler, Jr., and the Legal Guardian of the Minor Children, William Andrew Wetzler and William August Wetzler.” Thereafter the Estate, through Mr. Dickerson, filed an exception of no cause of action alleging that “[tjhere exists a Judgment of Possession in the Succession of William Wetzler, Jr. [and][t]herefore, there is no legal entity as ‘Estate of William Wetzler, Jr.’” The trial court denied the exception and the plaintiffs filed the instant writ alleging that the trial court erred in denying the exception, attaching several documents in support of their exception. Plaintiffs contend that the Estate is not a juridical person and, therefore, has no capacity to be sued directly. Defendants filed a motion to strike the plaintiffs’ exhibits filed in connection with the writ application.
The peremptory exception pleading the objection of no cause of action is a procedural device used to test the legal sufficiency of the petition. Ward v. Tenneco Oil Company, 564 So.2d 814, 820 (La.App. 3rd Cir.1990). In other words, the exception pleading the objection of no cause of action tests whether, under the allegations of the petition, the law affords any remedy for the grievance asserted. Bellah v. State Farm Fire and Casualty Ins. Co., 546 So.2d 601, 603 (La.App. 3rd Cir.1989); Bordelon v. Cochrane, 533 So.2d 82, 84-85 3(La.App. 3rd Cir.1988), writ denied, 536 So.2d 1255 (La.1989). For purposes of ruling on the exception, the court must accept all of the allegations of the petition as true and sustain the exception only if the law affords no remedy under any evidence that is admissible on the pleadings. Ward v. Tenneco Oil Company, 564 So.2d at 820; Bellah v. State Farm Fire and Casualty Ins. Co., 546 So.2d at 603. No evidence may be introduced to support or controvert the objection of no cause of action. LSA-C.C.P. art. 931; Ward v. Tenneco Oil Company, 564 So.2d at 820.
Initially we address the third party plaintiffs motion to strike the attachments to the third party defendant’s brief in support of their writ application. Documents attached to the briefs submitted by the third party defendants, in connection with the writ application, do not constitute evidence and cannot be considered on appeal. LSA-C.C.P. art. 931; Caro v. Bradford White Corp., 96-120, pp. 6-7 (La.App. 5th Cir. 7/30/96) 678 So.2d 615, 618. Accordingly, we grant the appellee’s motion to strike said exhibits.
We now consider whether the allegations of the third party plaintiffs petition state a cause of action under the law or, more precisely, whether a petition states a cause of action when it fails to name the proper defendant. Herein the third party plaintiff named the Estate of William Wetzler as the defendant and requested service upon “The Estate of William Wetzler, Jr. through the Executor of the Succession of William Wetzler, Jr., and the Legal Guardian of the Minor Children, William Andrew Wetzler and William August Wetzler.” Service was made upon the attorney for Mr. Dickerson. Thereafter the Estate, through Mr. Dickerson, filed an exception of no cause of action seeking to dismiss the third party petition and, in the alternative, to limit the amount of recovery to $1,200.00, the amount the minors allegedly received from their father’s estate. The Estate attached documents comprising the succession proceedings for Mr. and Mrs. Wet-zler to the exception.
It is clear that the succession representative is the proper party defendant for suits against the estate until a judgment of possession has been signed. LSA-C.C.P. art 3249; State Through DOTD v. Estate of Davis, 572 So.2d 39, 42-43 (La.1990); Stansbury v. Hover, 366 So.2d 918, 925 (La.App. 1st Cir.1978). After the judgment of posses *1167 sion is signed “[a]n action to enforce an obligation, if the obligor is dead, may be brought against the heirs, ... who have accepted his succession. . .” LSA-C.C.P. article 427.
|4The fact that the third party demand failed to specifically name a defendant for the Estate does not necessarily compel a finding that no cause of action has been stated. In Socorro v. City of New Orleans, 579 So.2d 931 (La.1991) the Louisiana Supreme Court interpreted the provisions of LSA-C.C.P. art. 7[2], holding that unnamed parties may subject themselves to the jurisdiction of the court by making a general appearance. Socorro, 579 So.2d at 945; see also, Jeffries v. Estate of Pruitt, 598 So.2d 379, 383-85 (La.App. 1st Cir.). writ denied, 599 So.2d 306 (La.1992); writ denied, 605 So.2d 1124 (La.1992).
The court, in Socorro, concluded that although LSA-C.C.P. art. 7 provides that it is a party that may make a general appearance, this term should not be read strictly and that unnamed parties may also subject themselves to the jurisdiction of the court through pleadings sufficient to constitute a general appearance.[3]
Herein, the exception of no cause of action, filed by Mr. Dickerson, is not included in the exceptions listed in Article 7, and it was not filed in connection with a declinatory exception seeking dismissal on the ground that the court has no jurisdiction. Accordingly, Mr. Dickerson, as representative of the succession, has made a general appearance subjecting himself to the jurisdiction of the court.[4] Little v. Little, 513 So.2d 464, 466 (La.App. 2d Cir.1987); Smith v. Smith, 341 So.2d 1147, 1148-49 (La.App. 1st Cir.1976). See also Jeffries v. Estate of Pruitt, 598 So.2d at 384-385. Furthermore, by making a general appearance Mr. Dickerson, as the representative of the succession, waives all objections which may be raised 15through the declinato-ry exception, except the court’s lack of jurisdiction over the subject matter of the action. LSA-C.C.P. art. 925.
Based upon the facts alleged in the third party petition, we believe that it states a cause of action against the Succession of William Wetzler. See, Breaux v. Texas and Pacific Railway Company, 147 So.2d 693, 697-98 (La.App. 1st Cir.1962). Furthermore, because we cannot consider any evidence in connection with the exception of no cause of action we do not address Mr. Dickerson’s remaining arguments with regard to the succession being closed or his alternative claim seeking to limit the amount of recovery to $1200.00.
For the reasons set forth above, the judgment of the trial court denying the plaintiffs exception of no cause of action is affirmed. Costs of this writ are assessed against the third party defendant, Succession of William Wetzler.
AFFIRMED.
FITZSIMMONS, J., concurs and assigns reasons.

.LSA-C.C.P. article 7 states:
A. Except as otherwise provided in this Article, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or though counsel, he seeks therein any relief other than:
(1) entry or removal of the name of an attorney as counsel of record;
(2) Extension of time within which to plead;
(3) Security for costs;
(4) Dissolution of an attachment issued on the ground of the nonresidence of the defendant; or
(5) Dismissal of the action on the ground that the court has no jurisdiction over the defendant.
[[Image here]]
C. When a defendant files a declinatory exception which includes a prayer for the dismissal of the action on the ground that the court has no jurisdiction over him, the pleading of other objections therein, the filing of the dilatory and peremptory exceptions therewith, or the filing of an answer therewith when required by law, does not constitute a general appearance.
(Emphasis added)

. In Socorro, the court concluded that although defendant, the city’s liability insurer, Angelina Casualty Company, was incorrectly named in the plaintiff's petition, it was capable of making a general appearance by filing a motion for summary judgment.

. Because Mr. Dickerson is also the legal guardian of the minor children it is important to note that he has made a general appearance only in his capacity as the representative of the succession and not as the legal guardian of the minor children.