PER CURIAM.
The issue presented in this case is whether service upon a state entity is timely pursuant to La. R.S. 13:5107(D), where the request for service is made by facsimile filing within ninety days from the filing of the petition, but the facsimile filing is not perfected under La. R.S. 13:850 until five days later when the fees are paid. The district court granted defendants’ exception of insufficiency of service of process, and the court of appeal affirmed that determination on appeal. Plaintiffs now seek review of that judgment.
In Tranchant v. State of Louisiana, Louisiana State University Health Sciences Center, 08-0978, p. 7 (La.1/21/09), 5 So.3d 832, 836, we discussed the requirements for a valid request for service, finding “[a] valid request for service under La. R.S. 13:5107(D)(1) is made when the clerk receives the request for service and can then act on it.” In the instant case, the court of appeal reasoned that the request for service, although received within ninety days, was not timely, because the clerk could not act on it until plaintiffs paid the required fees five days later, pursuant to the provisions of La. R.S. 13:850. We disagree. A review of the facts of Tran-chant reveal the request for service in that *105 case was mailed on the ninetieth day, but not received by the clerk until several days later. Under the facts presented in Tran-chant, we held the request for service was not received by the clerk’s office within ninety days, and ^therefore the request could not be acted upon by the clerk’s office for purposes of completing the request.
By contrast, in the instant case, the request was received by the clerk’s office within the ninety-day period. Pursuant to La. R.S. 13:850(A), such a filing “shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court” [emphasis added]. We acknowledge La. R.S. 13:850(C) provides “[i]f the party fails to comply with the requirements of Subsection B [relative to filing of original documents and payment of fees], the facsimile filing shall have no force or effect.” However, it is undisputed plaintiffs complied with all necessary requirements within five days. Therefore, we find the request for service was received within ninety days.[1]
Accordingly, the writ is granted. The judgment of the court of appeal is reversed, and the exception of insufficiency of service is hereby overruled. The case is remanded to the district court for further proceedings.

. In Wilborn v. Vermillion Parish Police Jury, 04-1074 (La.7/2/04), 877 So.2d 985, we summarily reinstated a judgment of the district court, which held a facsimile request for service received within ninety days was timely, even though the requirements of La. R.S. 13:850 had not been satisfied. We need not pass on the applicability of that holding in the instant case, as it is undisputed plaintiffs complied with the requirements of La. R.S. 13:850.