HIGGINBOTHAM, J.
Defendant-Relator, the State of Louisiana, Division of Administration, Office of Facility Planning and Control (the State), filed for supervisory review of the trial court's denial of the State's declinatory exception raising the objection of insufficiency of service of process by the plaintiff-respondent, The Lathan Company, Inc.
FACTUAL AND PROCEDURAL HISTORY
On April 18, 2016, Lathan filed a petition through facsimile, naming the State as the defendant and seeking damages for breach of contract and violations of La. R.S. 3812191(A).[1] The dispute arose out of a public works contract that Lathan entered into with the State for construction work at Jackson Barracks in New Orleans, Louisiana. On April 27, 2016, Lathan filed the original petition with the notation "Please Hold Service" on the final page. On July 15, 2016, Lathan faxed a letter to the Clerk of Court for the 19th Judicial District Court requesting that its petition be served on the "defendant, the State of Louisiana, Department of Administration, *3 Office of Planning and Control." Lathan also requested a return facsimile acknowledging receipt and indicating whether any additional fees were owed for service. On that same day, the clerk's office responded, acknowledging receipt of the July 15, 2016 facsimile and stating that, "[i]n accordance with R.S. 13:850(B), within seven days, exclusive of holidays, the party filing the [facsimile] document shall forward to the clerk the original signed document, applicable fees and a transmission fee." On August 22, 2016, the clerk's office received an original document dated August 12, 2016, requesting service and the State was served on September 19, 2016.[2]
On November 4, 2016, the State filed a declinatory exception of insufficiency of service of process asserting that Lathan failed to request service of the petition within ninety days of commencement of the action, as prescribed by La. Code Civ. P. art. 1201(C) and La. R.S. 13:5107(D)(1). Specifically, the State argued that Lathan's facsimile on July 15, 2016, requesting service of the petition, was of no effect because the original request was not forwarded within seven days, exclusive of legal holidays, as required by La. R.S. 13:850, the fax-filing statute. Therefore, the State maintained that Lathan's request for service was not timely, because Lathan's original document requesting service was not received until August 22, 2016, one hundred twenty-six days after Lathan filed its petition. In response, Lathan argued that under the precedent set in the supreme court case of Wilborn v. Vermillion Parish Police Jury, 2004-1074 (La. 7/2/04), 877 So.2d 985 (per curiam), its request for service on the State sent by facsimile on July 15, 2016, and received by the clerk on that day was sufficient and timely.
The matter came before the district court on January 9, 2017, after which the State filed a post-trial memorandum arguing for the first time that service requested by Lathan was also insufficient because Lathan did not request service on the attorney general as required by La. R.S. 13:5107(A)(2). On February 14, 2017, the district court signed a "Judgment with Written Reasons" overruling the State's exception of insufficiency of service of process and finding that under Wilborn , the fax-filing statute, La. R.S. 13:850, does not apply to the request for service by facsimile.
The State filed for supervisory review of the district court's ruling with this court. This court granted the State's writ, reversed the ruling of the district court, and granted the State's declinatory exception of insufficiency of service of process. Lathan applied for writs with the supreme court, which the supreme court granted and then remanded the matter back to this court for briefing, argument, and full opinion. Thus, the issue before this court for review is whether Lathan's request for service on the State via facsimile has force and effect when the requirements of *4 La. R.S. 13:850 were not met, as well as whether Lathan's failure to request service on the attorney general within ninety days of the filing of the petition requires dismissal of the petition pursuant to La. R.S. 13:5107.
LAW AND ANALYSIS
A district court's ruling on an exception of insufficiency of service of process is reviewed under the manifest error standard. In Re Professional Liability Claim of Snavely , 2015-207 (La. App. 3rd Cir. 11/4/15), 178 So.3d 614, 619 ; Davis v. Caraway , 2014-264 (La. App. 5th Cir. 10/29/14), 164 So.3d 223, 225. However, when the facts are not disputed and the issue before this court is whether the district court properly interpreted and applied the law, the standard of review for questions of law is simply a review of whether the district court was legally correct or incorrect. See Babcock v. Martin, 2016-0073 (La. App. 1st Cir. 9/16/16), 2016 WL 4973229 *5 (unpublished).
Timeliness of Service Request/Applicability of La. R.S. 13:850 to a Request for Service on the State or a State Agency
The first issue this court must decide is whether a request for service on the State is timely pursuant to La. R.S. 13:5107(D)(1), which mandates that in all suits in which a state agency is named as a party, "service of citation shall be requested within ninety days of the commencement of the action" when the request for service on the state is by facsimile transmission within ninety days of the filing of the original petition, but the original service document is not forwarded to the clerk's office within seven days exclusive of legal holidays.
Louisiana Revised Statute 13:850, which was in effect at the time Lathan requested service via facsimile on July 15, 2016, pertinently provided[3] :
A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.
B. Within seven days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
(1) The original signed document.
(2) The applicable filing fee, if any.
(3) A transmission fee of five dollars.
C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.
Lathan sent through facsimile the request for service on the State on July 15, 2016, within ninety days of filing the petition on April 18, 2016, but did not forward the original document to the clerk's office within seven days exclusive of legal holidays, after the clerk received the facsimile request. The supreme court considered a similar issue in Wilborn, 877 So.2d at 985. In Wilborn, the supreme court summarily reinstated a judgment of the district court, which held a facsimile request for service *5 received within ninety days was timely, even though the requirements of La. R.S. 13:850 had not been satisfied. The supreme court stated:
La. R.S. 13:5107(D) provides that in suits against the state or a political subdivision, service of citation shall be requested within ninety days of the commencement of the action. Nothing in that statute requires that the request be filed with the court. The court of appeal's reliance on the fax-filing statute, La. R.S. 13:850, is misplaced, as that statute deals with the requirements for filing papers in civil actions.
Wilborn, 877 So.2d at 985.
Thereafter, in Tranchant v. State of Louisiana, Louisiana State University Health Sciences Center, 2008-0978 (La. 1/21/09), 5 So.3d 832, 836, the supreme court was called to determine whether a request for service is deemed made when a letter containing service instructions is mailed or when it is received by the clerk's office. In Tranchant, the plaintiff filed suit on August 3, 2006, and asked that service be held. On November 2, 2006 (the 90th day), plaintiffs' counsel mailed a service request with payment for service. The service request was received on November 8, 2006. In finding that service was not requested timely, the supreme court held "[i]n our view, the ordinary meaning of the word 'request,' without more, contemplates a two-party transaction involving one who asks that something be done and one who does what is asked. Thus, for purposes of La. R.S. 13:5107(D)(1), service of citation should be deemed 'requested' when the clerk receives service instructions from the plaintiff." Tranchant, 5 So.3d at 836. "A valid request for service under La. R.S. 13:5107(D)(1) is made when the clerk receives the request for service and can then act on it." Tranchant, 5 So.3d at 838. Additionally, the supreme court pointed out that requiring that service on state defendants shall be requested within ninety days of the commencement of the action or be subject to dismissal is not a punitive concept. Rather, like abandonment, the ninety-day request of service rule balances the policies of seeing that every litigant has his day in court with the policy that lawsuits, once filed, should be prosecuted without unreasonable delay. In fact, it appears that by adopting the ninety-day request of service rule, the legislature indicated its intent to shift the balance in favor of moving cases, once filed, more quickly through the judicial system. Tranchant, 5 So.3d at 835.
Then in Morales v. State ex rel. Board of Supervisors of LSU ex rel. Earl K. Long Medical Center, 2012-2301 (La. 1/11/13), 106 So.3d 104 (per curiam), the supreme court was faced with the issue of whether service upon a state entity is timely pursuant to La. R.S. 13:5107(D), where the request for service is made by facsimile filing within ninety days from the filing of the petition, but the facsimile filing is not perfected under La. R.S. 13:850 until five days later when the fees are paid. In Morales, this court found service was not "requested" under Tranchant because the clerk's office could not act on the service request without the filing of fees, which were received ninety-five days after the filing of the original petition. Morales v. State ex rel. Board of Supervisors of LSU, 2012-0077 (La. App. 1st Cir. 9/21/12), 104 So.3d 130, 136-37, writ granted, 2012-2301 (La. 1/11/13), 106 So.3d 104. In overruling this court, the supreme court held that the service request was received by the clerk's office within the ninety-day period, and pursuant to La. R.S. 13:850(A), such a filing "shall be deemed complete at the time that the facsimile transmission is 'received' and a receipt of transmission has been transmitted to the sender by the clerk of court." Morales, 106 So.3d at 104.
*6 The supreme court in Morales pointed out that La. R.S. 13:850(C) provides "[i]f the party fails to comply with the requirements of Subsection B [relative to filing of original documents and payment of fees], the facsimile filing shall have no force or effect." But the Morales court noted that it was undisputed that plaintiffs complied with all necessary requirements within five days. Therefore, the supreme court found that the request for service was received within ninety days. In a footnote in Morales, the supreme court acknowledged the holding in Wilborn but stated that, "We need not pass on the applicability of that holding in the instant case, as it is undisputed plaintiffs complied with the requirements of La. R.S. 13:850." Morales, 106 So.3d at 105 n.1. The Morales court appeared to relax the interpretation set forth in Tranchant that service is requested when it can be acted on, since, in Morales, the fees were not paid until the ninety-fifth day.
Here, Lathan did not comply with the requirements of La. R.S. 13:850, as the original document requesting service was not forwarded to the clerk's office until nearly a month after the facsimile requesting service. Thus, considering the jurisprudence we must consider whether Lathan's failure to comply with La. R.S. 13:850 renders the facsimile request for service on the State to be without force or effect. After thorough consideration of the current jurisprudence, we conclude that Morales provides that a party can request service through facsimile and follow the requirements of the fax-filing statute (by forwarding the original as well as the applicable filing and transmission fees within seven days exclusive of legal holidays) and benefit from the payment of fees and/or filing of the original relating back to the facsimile requesting service under La. R.S. 13:850. While the Morales court applied La. R.S. 13:850 to a request for service on the State, it did not overrule Wilborn. Accordingly, Wilborn is still currently the law which states that a request for service does not have to be filed. Therefore, the requirements of La. R.S. 13:850 are not mandatory and the failure to forward the original to the clerk's office within seven days does not render the facsimile request without force and effect.
Nevertheless, under our jurisprudence in Jenkins, which held "a request for service without payment of required fees, or without leave of court excusing such payment because of pauper status, simply is no proper request at all[,]" a facsimile request without payment of fees or money in the account to effectuate service within ninety days is not a proper request. See Jenkins v. Larpenter, 2004-0318 (La. App. 1st Cir. 3/24/05), 906 So.2d 656, 659, writ denied, 2005-1078 (La. 6/17/05), 904 So.2d 711. Consequently, although we agree with Lathan that Wilborn is currently the law, Lathan had to have money in its account for the clerk to effectuate service. Lathan introduced the accounting report from the clerk's office which appears to show there was money in its account for service. This evidence was uncontradicted by the State. In this matter, granting the State's motion for insufficiency of service of process would have the effect of Lathan's claim being dismissed, adversely affecting Lathan's constitutional right of access to the court. Therefore, we conclude if plaintiffs make a request for service, even by facsimile, and pay for service within ninety days of filing the petition, service is "requested" under La. R.S. 13:5107. Lathan's request for service as well as its payment of fees was within ninety days of filing the petition, satisfying the requirements of La. R.S. 13:5107.
*7 Service on the Attorney General
The parties do not dispute that Lathan requested service on the Division of Administration, through its director, but did not and has not requested service on the attorney general. Louisiana Revised Statute 13:5107 provides in pertinent part:
A. (1) In all suits filed against the state of Louisiana or a state agency, citation and service may be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.
(2) Service shall be requested upon the attorney general within ninety days of filing suit. This shall be sufficient to comply with the requirements of Subsection D of this Section and also Code of Civil Procedure Article 1201(C). However, the duty of the defendant served through the attorney general to answer the suit or file other responsive pleadings does not commence to run until the additional service required upon the department, board, commission, or agency head has been made.
B. In all suits filed against a political subdivision of the state, or any of its departments, offices, boards, commissions, agencies or instrumentalities, citation and service may be obtained on any proper agent or agents designated by the local governing authority and in accordance with the laws of the state provided that the authority has filed notice of the designation of agent for service of process with and paid a fee of ten dollars to the secretary of state, who shall maintain such information with the information on agents for service of process for corporations. If no agent or agents are designated for service of process, as shown by the lack of such designation in the records of the secretary of state, citation and service may be obtained on the district attorney, parish attorney, city attorney, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of the state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.
* * *
D. (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver. If not waived, a request for service of citation upon the defendant shall be considered timely if requested on the defendant within the time period provided by this Section, notwithstanding insufficient or erroneous service.
*8 (2) If service is not requested by the party filing the action within the period required in Paragraph (1) of this Subsection, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, upon whom service was not requested within the period required by Paragraph (1) of this Subsection.
(3) When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof; however, the effect of interruption of prescription as to other persons shall continue.
In favor of its position that service of the attorney general is mandatory, the State points to subsection (A)(2) of the statute, as amended in 2012, which provides that "[s]ervice shall be requested upon the attorney general within ninety days of filing suit." (Emphasis added.) In response, Lathan cites the supreme court case of Whitley v. State ex rel. Board of Supervisors of Louisiana State University Agr. Mechanical College, 2011-0040 (La. 7/1/11), 66 So.3d 470, and argues that even after the amendment to the statute, Whitley is still good law and the amendment does not change the law or alter plaintiffs' election among service options given in (A)(1). Instead, the amendment merely clarified the requirements of the existing law concerning the deadline for requesting service on the attorney general.
In 2011, in Whitley, the supreme court was faced with the question of whether plaintiff's failure to request service on the attorney general within ninety days of the filing of the petition required dismissal pursuant to La. R.S. 13:5107. The supreme court thoroughly considered subsection (A)(1) of the statute and determined that the phrase, "may be obtained," modified all of the phrases after it, including those appearing after the conjunctive "and." The supreme court therefore concluded that, from a grammatical standpoint, the statute should read that citation and service:
1. may be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and
2. may be obtained by citation and service on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and
3. may be obtained by citation and service on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.
Whitley, 66 So.3d at 477.
The court further concluded that, "[p]roviding permission to request service on the [attorney general] and the head of the agency does not impose a requirement that the plaintiff's request for service pertain to both." Id. In support of this conclusion, the court focused on the legislature's use of the permissive term "may," rather than the mandatory terms "shall" or "must." Id.
*9 The supreme court in Whitley , 66 So.3d at 478, also pointed out that the consequences for dismissal are harsh and there is a policy in favor of maintaining actions. The Whitley court concluded that if the legislature's word choice makes La. R.S. 13:5107(A) susceptible to two possible constructions, the statute should be construed in favor of maintaining the plaintiff's claim. Id.
After the supreme court's decision in Whitley, the statute was amended by the addition of subsection (A)(2), effective on June 12 2012, but subsection (A)(1) was not changed. Thus, subsection (A)(1) as pointed out in Whitley uses the permissive "may" giving three persons who can be served, but subsection (A)(2) uses the mandatory "shall" stating that the attorney general "shall" be served within ninety days. See La. Code Civ. P. art. 5053 (The word "shall" is mandatory, and the word "may" is permissive.) A review of the legislative history from the 2012 House Legislative Services digest states that the "proposed law [ La. R.S. 13:5107 presented as SB 308 and enacted as Act. No. 770] retains prior law and adds that service shall be requested upon the attorney general within 90 days of filing suit" and in the summary of house amendments to the senate bill specifies "that service 'shall' not 'must', be requested on the attorney general within 90 days of filing suit." Louisiana Resume Digest, S.B. 308, 2012 Reg. Sess. (La. 2012). (The language of the original bill which stated "must" was changed to "shall" by the house committee on civil law and procedure.)
Under well-established rules of statutory interpretation, a more detailed provision prevails over a more general provision addressing the same subject matter, and the latest prevails over previously enacted conflicting provisions. See Black v. St. Tammany Parish Hospital, 2008-2670 (La. 11/6/09), 25 So.3d 711, 717 ; see also Malone v. Shyne, 2006-2190 (La. 9/13/06), 937 So.2d 343, 352. To the extent that section (A)(1) may be construed to conflict with section (A)(2), the latter, a more recent and more specific provision, prevails. State ex rel. Moreau v. Castillo, 2007-1865 (La. App. 1st Cir. 9/24/07), 971 So.2d 1081, 1083, (per curiam), writ denied, 2007-1900 (La. 9/28/07), 964 So.2d 349, cert. denied, 552 U.S. 1110, 128 S.Ct. 896, 169 L.Ed.2d 748 (2008).
Furthermore, the last sentence of subsection (A)(2) points out that "the duty of the defendant served through the attorney general to answer the suit or file responsive pleadings does not commence to run until the additional service required upon the department, board, commission, or agency head has been made ." This language clearly contemplates that service upon the attorney general as well as an additional service is required in suits against the State or a state agency.
However, while we agree with the State that service upon the attorney general is mandatory, the statute thereafter becomes unclear about what effect the failure to timely request service on the attorney general has on plaintiff's suit. The language mandating service on the attorney general is in subsection (A)(2), but the consequence for the failure to timely request service is in subsection (D)(2) and provides the result of the failure to serve a party only under subsection (D). Subsection (D)(2) states "[i]f service is not requested by the party filing the action within the period required in Paragraph (1) of this Subsection, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, upon whom service was not requested within the period required *10 by Paragraph (1) of this Subsection." (Emphasis added.) Furthermore, the general provision regarding service of process requires service on "all named defendants within ninety days of commencement of the action" and the attorney general is not a "named defendant" in Lathan's petition. See La. Code Civ. P. art. 1201(C).
Considering the harsh consequence of dismissal and the policy favoring maintaining actions, we conclude that the legislature's addition of (A)(2) mandating service on the attorney general without providing the consequences for failure to timely request service on the attorney general creates a gap in the law and this gap should be construed in favor of maintaining Lathan's claim. See Whitley, 66 So.3d at 478. Cf. Lima v. Schmidt, 595 So.2d 624, 629 (La. 1992) (holding that of two possible constructions of a prescription statute, one barring the action and one maintaining it, the statute will be read in such manner as to maintain the claim). Having determined that the law is unclear regarding what the consequences are for Lathan's failure to serve the attorney general, we conclude that dismissal under La. R.S. 13:5107 is not mandatory, and find no error in the district court's judgment dismissing the State's declinatory exception raising the objection of insufficiency of service of process.
CONCLUSION
For the foregoing reasons, we grant the State's writ to consider the merits, but deny relief, finding no error in the judgment of the district court overruling the State's exception of insufficiency of service of process. The matter is remanded for further proceedings.
WRIT GRANTED TO CONSIDER THE MERITS; RELIEF DENIED; REMANDED FOR FURTHER PROCEEDINGS.
McDonald, J. concurs in the result only
McClendon, J. concurs with the result reached.
Holdridge, J. dissents w/ reasons
Crain, J. concurs and assigns reasons

Regarding public contracts, Louisiana Revised Statute 38:2191(A) provides: "All public entities shall promptly pay all obligations arising under public contracts when the obligations become due and payable under the contract. All progressive stage payments and final payments shall be paid when they respectively become due and payable under the contract."

The transcript of the hearing on the exception was not in the record; therefore, it was unclear if the following documents attached to Lathan's writ application were introduced into evidence: the July 15, 2016 facsimile; the clerk's office's response to the facsimile; and the August 12, 2016 letter. However, each document was directed to or from the clerk's office and the trial court could take judicial notice of the documents. See Louisiana Lift & Equipment, Inc. v. Eizel , 33,747 (La. App. 2d Cir. 11/1/00), 770 So.2d 859, 864 (a trial court may take judicial notice of records in its own clerk's office.). Additionally, the clerk's docket report results printout that was included in the record clearly revealed that Lathan's letter requesting service was received by the clerk's office via facsimile on July 15, 2016, and Lathan's original document requesting service was received by the clerk's office on August 22, 2016, and neither party disputed the authenticity of the documents.

Louisiana Revised Statute 13:850 was amended by 2016 Acts 109, § 1, effective August 1, 2016.