CRAIN, J., concurring.
The record before us does not confirm that the attachments to the writ application and briefs were introduced into evidence; therefore, I disagree that they can be considered in reaching a decision in this matter. See Dickerson v. Blair, 97-0851 (La. App. 1 Cir. 12/29/97), 705 So.2d 1165, 1166, writ denied, 98-0272 (La. 3/20/98), 715 So.2d 1218. Further, what constitutes a request for service under Louisiana Revised Statute 13:5107D is governed by the supreme court's decisions in Wilborn v. Vermillion Parish Police Jury, 04-1074 (La. 7/2/04), 877 So.2d 985 (per curiam ), and Morales v. State ex rel. Board of Supervisors of LSU , 12-2301 (La. 1/11/13), 106 So.3d 104 (per curiam ). This court's decision in Jenkins v. Larpenter, 04-1318 (La. App. 1 Cir. 3/24/05), 906 So.2d 656, writ denied, 05-1078 (La. 6/17/05), 904 So.2d 711, is not applicable because it conflicts with Morales. Therefore, even assuming the record contained proof of the dates relied on by the majority, the faxed request would be timely, despite its inadequacies as a filing.
The parties do not dispute that service on the attorney general was neither requested nor accomplished; therefore, whether the plaintiff failed to timely request service for this reason presents a legal question of statutory interpretation that we may consider on the record before us. See Franks v. Louisiana Patient's Compensation Fund Oversight Board, 16-0765 (La. App. 1 Cir. 5/3/17), 220 So.3d 862, 866, writs denied , *11 17-0868, 17-0877 (La. 9/29/17), 227 So.3d 294. The 2012 amendment to R.S. 13:5107A(2) that requires service on the attorney general within 90 days did not alter the interpretation of Part A(1) set forth in Whitley v. State ex rel. Board of Supervisors of Louisiana State University Agricultural Mechanical College, 11-0040 (La. 7/1/11), 66 So.3d 470. Contra Cutler v. State, Dept. of Public Safety & Corrections, 13-971 (La. App. 3 Cir. 2/12/14), 153 So.3d 1109. Thus, service on the attorney general is available, but not necessary. Part A(2) applies only if the attorney general is served pursuant to Part A(1). This interpretation gives effect to all parts of the statute and avoids making any part superfluous or meaningless. See Montgomery v. St. Tammany Par. Gov't. by & through St. Tammany Par. Council, 17-1811 (La. 6/27/18), --- So. 3d ----, ---- (2018 WL 3151290).
HOLDRIDGE, J., DISSENTS, AND ASSIGNS REASONS.
I respectfully dissent in this matter. I agree with the majority opinion as to the timeliness of the service request, but I disagree with that part of the opinion on the effect of Lathan's failure to request service on the attorney general. The amendment to La. R.S. 13:5107(A)(2) without question requires two services, one on the attorney general and one on the department, board, or commission. Furthermore, one request for service must be made within 90 days of the filing of the commencement of the action in accordance with La. R.S. 13:5107(D)(1). As the majority opinion recognizes, subsection A(2) mandates a request of service on the attorney general. ("Service shall be requested upon the attorney general.") It does not allow for a waiver or for service not to be made on the attorney general and the suit to go forward. See La. R.S. 13:5107(A)(2) ("[T]he duty of the defendant ...to answer the suit or file other responsive pleadings does not commence to run until the additional service... has been made."). Additional service can only mean that there must be two services under this statute.
While it is beyond question that the attorney general must be served, the article does not delineate the penalty if service is not requested on the attorney general, but instead is only requested on the defendant/department. Therefore, the real issue is, what is the penalty for non-service on the attorney general when there is service on the department? Clearly, subsection D does not apply since we have service on a party-the department. La. C.C.P. art. 1201(C) does not apply because we have service requested on the named defendant. The language of La. C.C.P. art. 932(A), "[w]hen the grounds of the objections ... may be removed by...other action of plaintiff," should be used to grant the exception of insufficiency of service of process filed by the attorney general since service was not requested or served on the attorney general as required by La. R.S. 13:5107(A)(2).
In accordance with La. C.C.P. art. 932(A), this court should order the plaintiff to request service on the attorney general within fifteen days or his suit will be dismissed without prejudice. This interpretation would make all parts of the statute meaningful. Both the attorney general and department must be served before a suit can go forward, and at least one of them has to have service requested on it within 90 days so that dismissal under La. R.S. 13:5107(D) will not apply. I think the language in Whitley v. State ex rel. Bd. of Sup'rs of Louisiana State University Agr. Mechanical College, 2011-0040 (La. 7/1/11), 66 So.3d 470, 481, that says only one service request is necessary has been legislatively overruled by subsection A(2).
*12 Therefore, I respectfully dissent from the majority's affirmation of the trial court's judgment overruling the State's exception of insufficiency of service of process.