| | | |
|---|---|---|
| STACY L. DRATEN, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, ORDAIJAH HENYARD AND DECEDENT, TROY DRATEN | * | **CORRECTED COPY** |
| | * | **NO. 2020-CA-0519** |
| | * | **COURT OF APPEAL** |
| | * | **FOURTH CIRCUIT** |
| VERSUS | | |
| | * * * * * * * | **STATE OF LOUISIANA** |
| UNIVERSITY MEDICAL CENTER MANAGEMENT CORPORATION D/B/A UNIVERSITY MEDICAL CENTER NEW ORLEANS, ET AL. | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-07892, DIVISION "D"
Honorable Nakisha Ervin-Knott, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *
(Court composed of Judge Edwin A. Lombard, Judge Sandra Cabrina Jenkins, Judge Tiffany G. Chase)

**CHASE, J., CONCURS IN THE RESULT**

Jonathan E. Mitchell
deGRAVELLE & PALMINTIER, L.L.P.
618 Main Street
Baton Rouge, LA 70801-1910
     COUNSEL FOR PLAINTIFF/APPELLANT

Karen M. Fontana Young
KEAN MILLER, LLP
909 Poydras Street, Suite 3600
New Orleans, LA 70112

C. William Bradley, Jr.
Richard S. Crisler
Benjamin J. Biller
L. David Adams
BRADLEY MURCHISON KELLY & SHEA, LLC
1100 Poydras Street, Suite 2700
New Orleans, LA 70163-2700
     COUNSEL FOR DEFENDANT/APPELLEE

**REVERSED AND REMANDED**

**JULY 21, 2021**

*SCJ*
*SEAL*

This appeal arises from the trial court's July 30, 2020 judgment, granting appellees' declinatory exceptions of insufficiency of service of process and citation, and dismissing appellants' claims against Dr. Ramon F. Rodriguez, Dr. Robert Mead, and University Medical Center Management Corporation without prejudice. For the reasons that follow, we reverse the trial court's judgment and remand this matter for further proceedings.

## PROCEDURAL HISTORY[1]

On July 29, 2019, Stacy L. Draten, individually and on behalf of her minor child, O.H., and her deceased husband (collectively "plaintiffs") filed a petition for damages alleging medical malpractice *via* facsimile transmission in the Civil District Court for the Parish of Orleans. The pleading named as defendants Dr. Ramon F. Rodriguez, Dr. Andrew Edward Apple, Dr. Robert Mead, and University Medical Center Management Corporation (collectively "defendants"). In the final paragraph

---

[1] The facts and circumstances of this case are not relevant to the procedural issue before the Court.

1

of the petition, plaintiffs prayed for citation and service of process with instructions to hold service.

On July 30, 2019, plaintiffs received a Facsimile Transmission Confirmation from the Clerk of Civil District Court for the Parish of Orleans ("Clerk of Court"), which advised that $530.00 was due as the filing fee of the petition and that the filing fee was due within seven (7) days, exclusive of legal holidays. On July 31, 2019, plaintiffs paid the full amount of cost and sent the original petition for damages to the Clerk of Court. The record reflects that the Clerk of Court provided plaintiffs with a stamped petition with a receipt indicating no balance was due.

On October 25, 2019, plaintiffs sent correspondence to the Clerk of Court *via* facsimile transmission and United Parcel Service ("UPS") delivery requesting that all defendants be served with a citation and copy of the petition. Notably, defendants' names and addresses were set forth in the correspondence. The Clerk of Court responded to plaintiffs' request with a Facsimile Transmission Confirmation reflecting the total fax filing fee due for their request for service of process on all of the defendants. On October 28, 2019, plaintiffs forwarded the Clerk of Court, *via* UPS next day air, a check in the amount of $15.00 to satisfy the fax filing fee. The Clerk of Court received the check on October 29, 2019, and generated a receipt dated October 30, 2019, acknowledging payment.

On November 6, 2019, the Clerk of Court created the citations to be served upon the defendants. The citations were received by the Orleans Parish Sheriff's Office ("Sheriff's Office") on November 18, 2019. On November 19, 2019, the Sheriff's Office transmitted an invoice requesting $30.00 for service of the citation

2

and petition. On November 26, 2019, plaintiffs tendered a check payable to the Sheriff's Office in the amount of $30.00.

The record reflects that on December 30, 2019, the Sheriff's Office returned the citations to the clerk of court of the following defendants: Dr. Ramon F. Rodriguez, Dr. Robert N. Mead, and University Medical Center Management Corporation. Dr. Andrew Edward Apple was served on December 9, 2019.

On February 27, 2020, by letter, via facsimile transmission, plaintiffs informed the Clerk of Court of their October 25, 2019 request for issuance of citation and service of process on all defendants. Plaintiffs again furnished the Clerk of Court with the names and addresses of the remaining defendants to be served and requested issuance of citations for service of process. The plaintiffs concluded the letter by requesting the full costs for processing their request.

The following day, February 28, 2020, by letter, via UPS, plaintiffs confirmed they were advised to contact the Sheriff's Office for "service charges and include the separate check" for the Sheriff's costs and forward same to the Clerk of Court. A check in the amount of $5.00 made payable to the Clerk of Court and a check in the amount of $90.00 made payable to the Sheriff's Office was enclosed with the letter. Approximately five months later, on July 12, 2020, plaintiffs filed a "Motion for service by Private Process and Request for Expedited Consideration," and the trial court denied the motion.

During plaintiffs' course of perfecting service of process, Dr. Ramon F. Rodriguez, Dr. Robert N. Mead, and University Medical Center Management Corporation (collectively "appellees") filed declinatory exceptions of insufficiency of service of process and citation. On July 30, 2020, the trial court granted appellees' exceptions of insufficiency of service of process and citation. This appeal follows.

3

# DISCUSSION

Plaintiffs assert five assignments of error:

(1) The district court erred by dismissing a case on grounds of insufficient service where service of process was timely, accurately, and appropriately requested on all Defendants *via* facsimile, and all fees owed to the Clerk and Orleans Parish Sheriff were immediately and fully paid on demand.

(2) The district court erred when it found that an error or omission by a clerk of court invalidates an otherwise proper, accurate, timely, fully paid request for service of process by a plaintiff.

(3) The district court erred when it invalidated Plaintiffs' timely request for service of process based on Plaintiffs' full payment of an incorrect invoice by a sheriff.

(4) The district court erred in holding that a plaintiff's otherwise proper and timely request for service will be given no legal effect if the plaintiff does not follow the unwritten rules or practices of a clerk of court's office, even where the clerk does not communicate them when asked by plaintiff.

(5) The district court erred as a matter of law in rejecting the Louisiana Supreme Court cases of *Tranchant [v. State*, 2008-0978 (La. 1/21/09), 5 So.3d 832], *Morales [v. State ex. Rel. Bd. Of Superv. Of LSU ex. Rel. Earl K. Long Medical Center*, 2012-2301 (La. 1/11/13), 106 So.3d 104], and *Stevenson [v. Progressive*, 2019-00637 (La. 4/3/20), ---So.3d ----, 2020 WL 1671565] and in relying on *Ayers v. Goodwill Indus.*,[2003-1576, (La. App. 4 Cir. 3/10/04), 870 So.2d 348], an *in forma pauperis* case, and the "Wendy Hall" case, an unpublished district court opinion.

While plaintiffs assign five errors, we narrow our discussion as a single issue: the correctness of the trial court sustaining the defendants' exceptions of insufficiency of service of process and dismissal of plaintiffs' suit with prejudice. We begin our discussion with the appellate court's review of a dismissal of an action for failure to timely request service.

*Standard of Review*

Appellate courts review a dismissal of an action for failure to timely request service under a manifest error standard. *Walker v. Goauto Ins. Co.*, 2020-0331, p. 4 (La. App. 4 Cir. 6/10/21), ---So.3d----, 2021 WL 238484 (citing *Macquet v. Westbay*,

2019-1093, p. 2 (La. App. 4 Cir. 7/15/20), 302 So.3d 564, 565). "Under the manifest error standard, in order to reverse a trial court's determination of a fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous." *Allerton v. Broussard*, 2010-2071, p. 3 (La. 12/10/10), 50 So.3d 145, 147 (citing *Bonin v. Ferrellgas*, 2003-3024, pp. 6-7 (La. 7/2/04), 877 So.2d 89, 94-95).

### *What constitutes Request for Service?*

Plaintiffs contend their request for service was timely pursuant to La. C.C.P. art. 1201. Conversely, appellees argue plaintiffs failed to timely request service within ninety days as required by Article 1201(C). [2] We find that "request for service" as defined in Article 1201, and the body of case law interpreting what constitutes "request for service" favors plaintiffs' position that service was requested within the time frame dictated by Article 1201.

"It is well established that '[t]he purpose of requiring that service be requested within ninety days of the suit's commencement is to insure that the defendant receives notice of the suit within a reasonable time after it has been commenced.'" *Macquet*, 2019-1093, p. 2, 302 So.3d at 566 (internal citation omitted). La. C.C.P. art. 1201 governs citation and service, and provides as follows in pertinent part:

> C. Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. When a supplemental or amended petition is filed naming any additional

---

[2] If the requirements of Article 1201(C) are not followed, a motion for involuntary dismissal pursuant to La. C.C.P. art. 1672(C) is the proper procedural vehicle to obtain a dismissal of the claims. *Filson v. Windsor Court Hotel*, 2004-2893, p. 9 (La. 6/29/05), 907 So.2d 723, 729-30. In this case, appellees opted not to file a motion pursuant to La. C.C.P. art. 1672(C), but only filed exceptions of insufficiency of service of process and citation.

defendant, service of citation shall be requested within ninety days of its filing. The defendant may expressly waive the requirements of this Paragraph by any written waiver. The requirement provided by this Paragraph shall be expressly waived by a defendant unless the defendant files, in accordance with the provisions of Article 928, a declinatory exception of insufficiency of service of process specifically alleging the failure to timely request service of citation.

La. C.C.P. art. 1202 sets out the requirements for a valid citation and service:

> The citation must be signed by the clerk of the court issuing it with an expression of his official capacity and under the seal of his office; must be accompanied by a certified copy of the petition, exclusive of exhibits, even if made a part thereof; and must contain the following:

> (1) The date of issuance;
> (2) The title of the cause;
> (3) The name of the person to whom it is addressed;
> (4) The title and location of the court issuing it; and
> (5) A statement that the person cited must either comply with the demand contained in the petition or make an appearance, either by filing a pleading or otherwise, in the court issuing the citation within the delay provided in Article 1001 under penalty of default.

The Circuits have drawn diverse conclusions on the question "what constitutes a valid and timely request for service of citation?" Admittedly, the various interpretations of what constitutes a request for service is fact specific to each case. We begin by acknowledging the statutes and Code of Civil Procedure articles, which clearly delineate that service of citation shall be requested within ninety days of the commencement of the action, do not specify the manner of making such request or when a request is deemed to be made. *Tranchant v. State*, 2008-0978, p. 5 (La. 1/21/09), 5 So.3d 832, 835; La. C.C.P. art. 1201(C).

In *Parker v. Rite Aid Corp.*, 2003-0208, pp.1-2 (La. App. 4 Cir. 3/26/03), 843 So.2d 1140, 1141, this Court established that a timely request for service is satisfied even if the plaintiff does not deliver payment for service to the civil sheriff at the time of filing the petition. This Court held:

The precise issue before us is to whom must the request for service be made, for neither La. C.C.P. art. 1201(C) nor La. C.C.P. art. 1672(C) mandates to whom the request for service should be made.

Under La. C.C.P. art. 1202, the clerk must issue the citation under the clerk's signature and seal of the court. (A citation must accompany a certified copy of the petition in order to complete proper citation and service.) It therefore follows that the initial request for service should be made to the clerk of court, not the civil sheriff. The plaintiff/respondent in the case at bar made the request for service to the clerk of court at the time of filing of his petition. The requirements of La. C.C.P. arts. 1201(C) and 1672(C) have been met.

Accordingly, we find that the plaintiff/respondent timely made a request for service of the petition. The trial court did not err.

*Parker*, 2003-0208, pp. 1-2, 843 So.2d at 1141. While *Parker* was a writ opinion, it is dispositive of the issue before us, as plaintiffs in the instant case requested service within ninety days of commencement of the action and failed to immediately deliver payment to the Sheriff's Office.

Recently, the First Circuit in *Methvien v. Our Lady of the Lake*, 2020-1081 (La. App. 1 Cir. 4/16/21), ---So.3d ----, 2021 WL 1439742, addressed dismissal of a plaintiff's suit for insufficiency of service of process. On October 11, 2019, the plaintiff faxed filed a petition for damages, naming Our Lady of the Lake Hospital's ("OLOL") as a defendant. On May 18, 2020, OLOL filed an exception of insufficiency of service of process and a motion for involuntary dismissal pursuant to La. C.C.P. art. 1672(C). The plaintiff opposed the exception by indicating that he requested service at the time he filed his petition and paid the fees within days of receiving the amount due from the Clerk of Court. *Methvien*, 2020-1081, p. 2, 2021 WL 1439742. The facts and circumstances are similar, but distinguishable:

> Mr. Methvien stated that it was not until he received OLOL's exception that he had any notice that he owed separate fees to the Sheriff's office for service costs. In support of his opposition, Mr. Methvien attached the "Civil Fax Confirmation" from the Clerk of Court's office and the check from his attorney's office paying the "Amount Due" on the fax confirmation. Mr. Methvien also stated that after receiving OLOL's exception, he paid the fee for the Sheriff's office, and OLOL was served with his petition on May 22, 2020.
>
> Thereafter, OLOL supplemented its exception and attached a "Message Reply" from the Clerk of Court's office dated October 22, 2019, addressed to Mr. Methvien's attorney, stating that an additional check was required in the amount of $40.08 payable to the Sheriff of East Baton Rouge. The bottom of the message stated, "Note: This will be the only notice that you will receive from our office regarding prepaid check(s) needed for service in this matter."

*Methvien*, 2020-1081, p. 3, 2021 WL 1439742. The court noted that it could not determine whether the plaintiff's attorney essentially received the "Message reply" from the clerk's office; however, it determined that service was not made on OLOL until after its exception was filed. The court further provided that "we cannot say under the circumstance presented that the trial court was manifestly erroneous in finding that there was no good cause for Mr. Methvien's failure to request service within ninety days of the commencement of the action." *Id.* at p. 7.

We note that unlike *Methvien*, the record does not reflect that plaintiffs received notice from the Clerk of Court's office indicating that an additional payment was needed for Sheriff's Office fee to effectuate service of process.

In the most recent opinion of this Court, *Walker v. Goauto Ins. Co.*, 2020-0331, pp. 1-3 (La. App. 4 Cir. 6/10/21), ---So.3d----, 2021 WL 2384843, upon filing his petition, the plaintiff paid the cost that the Clerk of Court stipulated as due, however, did not deliver the payment for service of the petition to the Sheriff's Office. Notably, the plaintiff's petition was filed on February 23, 2018, and the Clerk of Court was paid $670 for court costs. *Walker*, 2020-0331, p. 2,

8

2021 WL 2384843. However, plaintiff's counsel failed to pay the Sheriff's service fees. This Court noted that "correspondence sent to counsel did not include the amount due to the Sheriff or even give notice to the plaintiff that there were Sheriff's cost/fees due separate and apart from the amount quoted." *Id.* at p. 5. This Court provided that the "initial request for service should be made to the clerk of court, not the civil sheriff." *Id.* at p. 8. The Court further noted that Article 1201 is unambiguous and only requires that service be *requested*. [Emphasis added.] *Id.* at p. 9. The *Walker* court found that service was timely requested when plaintiff made the initial request and paid the cost stipulated by the Clerk of Court. *Id.* at p. 10.

*Parker*, *Methvien*, and *Walker* addressed analogous issues to the case at bar, wherein plaintiffs failed to timely deliver payments to the civil sheriff for service of process. In contrast to *Parker* and *Walker*, the *Methvien* court premised its decision of granting defendant's motion for involuntary dismissal on the clerk of court's notice, informing plaintiff's counsel that separate fees were due to the civil sheriff. In *Walker*, the plaintiff was not apprised of notice that Sheriff's fees were due separate and apart from the amount quoted. Moreover, the *Parker* court recognized that a request of service made within ninety days of filing the petition is timely despite failure to deliver payment to the civil sheriff. Under the analysis of *Parker* and *Walker*, we find that the plaintiffs timely made their request for service of process on October 25, 2019.

Our position is further supported by the Louisiana Supreme Court's interpretation of what constitutes request for service in *Tranchant v. State*, 2008-0978 (La. 1/21/09), 5 So.3d 832 and *Morales v. State ex rel. Bd. Of Supervisors of*

*LSU ex rel. Earl K. Long Medical Center*, 2012-2301 (La. 1/11/13), 106 So.3d 104.

In *Tranchant*, 2008-0978, p. 7, 5 So.3d at 836, the specific issue the Court resolved was whether a request for service is deemed made when a letter containing service instructions is mailed or when the letter is received by the clerk's office. On August 3, 2006, the plaintiffs filed a petition for damages and requested that service be held on all of the defendants "at this time." Later, the plaintiffs requested service of citation on all defendants through a letter dated November 2, 2006. On November 8, 2006, the clerk's office stamped "filed" on the letter. On January 29, 2007, the defendants filed a declinatory exception of insufficiency of service of process, alleging that plaintiffs failed to timely request service within ninety days as required by law. *Id.* at p. 2, 5 So.3d at 833.

The Supreme Court resolved the question of what constitutes a valid and timely request of service by reasoning:

> To resolve the legal question presented by this case, we must determine what is required to constitute a request for service. Generally, a request is made when one asks someone for something. Here, plaintiff asks that the clerk serve the persons named as defendants in a lawsuit. The clerk cannot act to effect service until he is aware of what is being asked of him. In our view, the ordinary meaning of the word "request," without more, contemplates a two-party transaction involving one who asks that something be done and one who does what is asked. Thus, for purposes of La. R.S. 13:5107(D)(1), service of citation should be deemed "requested" when the clerk receives service instructions from the plaintiff.

*Id.* at p. 7, 5 So.3d at 836.

Notably, in *Morales*, 2012-2301, pp. 1-2 (La. 1/11/13), 106 So.3d 104, the Court addressed whether a plaintiff's facsimile transmission service request was timely when payment was not received by the Clerk of Court within ninety days. The Court held that "[a] filing 'shall be deemed complete at the time that the

facsimile is **received** and a receipt of transmission has been transmitted to the sender by the clerk of court' [emphasis added]." While the Court acknowledged that "La. R.S. 13:850(C) provides '[i]f the party fails to comply with the requirements of Subsection B [relative to filing of original documents and payment of fees], the facsimile filing shall have no force or effect,"[3] service was timely requested because the plaintiffs complied with all necessary requirements within five days. *Id.* at p. 2, 106 So.3d at 104.

We note that the instant record reflects that the plaintiffs complied with the requirements of La. R.S. 13:850, as the Clerk of Court's Facsimile Transmission Confirmation did not stipulate separate fees were due to the Sheriff's Office.

During the July 21, 2020 hearing on appellees' exceptions of insufficiency of service of process and citation, the defendants and the trial court relied on the holding in *Ayers v. Goodwill Indus.*, 2003-1576 (La. App. 4 Cir. 3/10/04), 870 So.2d 348. The trial court explained:

> … let's look at the *Ayers* case, …"Mere confusion or inadvertence or mistake in requesting service on the part of the plaintiff's counsel is not a sufficient basis for good cause."
>
> ***
>
> I am citing *Ayers*…"Based on the facts here, there is no good cause for plaintiff's failure to request service within the delays allowed by law."
> ***

---

[3] La. R.S. 13:850(B) provides:

> B. Within seven days, exclusive of legal holidays, after the clerk of court receives the facsimile filing, all of the following shall be delivered to the clerk of court:
>
> (1) The original document identical to the facsimile filing in number of pages and in content of each page including any attachments, exhibits, and orders. A document not identical to the facsimile filing or which includes pages not included in the facsimile filing shall not be considered the original document.
> (2) The fees for the facsimile filing and filing of the original document stated on the confirmation of receipt, if any.
> (3) A transmission fee of five dollars.

11

Plaintiff places blame on the sheriff's office for not immediately issuing an invoice for service on all four defendants. However, it is not incumbent on the sheriff's office to assist counsel in meeting the requirements of Article 1201.

The trial court and appellees' reliance on *Ayers* is misplaced. Appellees interpret *Ayers*, as standing for the proposition that simply requesting service without payment is not a request for service pursuant to Article 1201(C).

In *Ayers*, the plaintiff filed an application to proceed *in forma pauper* to which the trial court denied the application. The facts and circumstances of the instant case are distinguishable from *Ayers*. The plaintiff in *Ayers* sole explanation for her failure to request service within ninety days of the filing of the petition is that she, or her counsel, was unaware that the *in forma pauperis* request had been denied. *Ayers*, 2003-1576, p. 1, 870 So.2d at 349. The *Ayers* court held that "[u]nder the circumstances, we find that this type of inadvertence or mistake is clearly not 'good cause' for the failure to request service within ninety days." *Id.* at pp. 2-3, 870 So.2d at 349.

In distinction to *Ayers*, plaintiffs paid the court costs for filing their petition and timely transmitted to the Clerk of Court a request that service of citation be issued to all defendants in accordance with Article 1201. Moreover, in their request plaintiffs outlined each defendants' name and address.

In further contrast to *Ayers*, the plaintiffs did not wait more than three years to request citation and service of process. The plaintiffs made their request for citation and service eighty-eight days after the filing of the original petition. Because the *Ayers* plaintiff failed to timely request service, she had to show "good cause" as to why service could not be requested within ninety days of commencement of the suit. Here, plaintiffs are not required to show "good cause" because they timely

12

requested service on all defendants. Thus, the trial court erred, first, in finding plaintiffs' request for service of citation was untimely, and second, that the plaintiffs failed to show "good cause."

***Did plaintiffs satisfy the requisites of Article 1201(C)?***

In the case *sub judice*, it is undisputed that the suit commenced on July 29, 2019 and the plaintiffs withheld service of citation on the defendants. However, on October 25, 2019, eighty-eight days after filing the petition, plaintiffs requested all defendants be served with a citation and copy of the petition by sending correspondence to the Clerk of Court *via* facsimile transmission and UPS delivery. On the same date, the Clerk of Court stipulated in a Facsimile Transmission Confirmation the fax filing fee due for plaintiffs request for service of process on all defendants. Thereafter, the plaintiffs timely transmitted the fax filing fee to the Clerk of Court.

We note that similar to *Parker* and *Walker*, plaintiffs did not immediately deliver to the Sheriff's Office full payment of service fees to satisfy the Sheriff's Office fee schedule. Upon receipt of the four citations from the Clerk of Court, the Sheriff's Office transmitted an invoice requesting $30.00 for service, in which the plaintiffs paid. We note that the record does not reflect that the Sheriff's Office transmitted additional invoices to plaintiffs, but merely returned the request for citation to the Clerk of Court.

As noted in *Walker*, service was timely requested when plaintiff made the initial request and paid the cost stipulated by the Clerk of Court. *Walker*, 2020-0331, p. 10, 2021 WL 2384843. The record does not reflect that the Clerk of Court provided plaintiffs notice that separate fees were due to the Sheriff's Office. Notably,

13

the Sheriff's Office transmitted to the plaintiffs an invoice for only $30, even though it received four citations from the Clerk of Court.

In light of *Tranchant*, *Morales*, *Parker*, and *Walker*, and in accordance with La. C.C.P. article 1201(C), service of process was timely requested when plaintiffs sent correspondence to the Clerk of Court within ninety days of commencement of the suit. The record further reflects that the citations contained the necessary information as required by Article 1202. Thus, we find error in the trial court's judgment granting the exceptions of insufficiency of service of process and citation and dismissing plaintiffs' action.

## CONCLUSION

For the foregoing reasons, we reverse the trial court's July 30, 2020 judgment and remand this matter to the trial court for further proceedings.

**REVERSED AND REMANDED**